## GOODWIN *v.* GARR.

Possession of personal property is *prima facie* evidence of ownership. The possession of the servant is the possession of the master.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action to recover the value of thirteen mules and six horses, attached by defendant, sheriff of Sutter county, as the property of one Ford. The defendant denied that the property belonged to the plaintiff, and also justified under the attachment. On the trial, the plaintiff proved, by one Lynch, that he had been in possession of the stock for some few days before he employed witness to keep them; that he spoke to witness, and employed him to pasture the animals on his ranch, and a few days afterwards sent them out to him; and that witness had them in possession, as agent of plaintiff, for more than a month, when they were seized by the defendant. The plaintiff, after proving the value of the animals, rested his case, and defendant moved for a nonsuit, which was overruled. No testimony was offered on the part of defendant, and the plaintiff had judgment.

A motion for a new trial was made and overruled, and the defendant appealed.

*C. H. Bryan* for Appellant.

The plaintiff suing, not for the possession of the property, but for the value, and for damages for the wrongful detention, merely shows that the property was driven upon a ranch some six weeks before the sheriff seized it as the property of another, under regular process, and that the same was left upon the ranch as the property of plaintiff, and was in the possession of another party than plaintiff at the time of the commencement of suit, and showing value. He then rests his case.

A motion for a nonsuit is made and overruled, and the ruling excepted to. The Court orders judgment for a large amount of money upon such proof.

"Where the issue raises the question of title, the plaintiff must prove, at the time of the caption, he had the general or a special property in the goods taken, and the right of immediate and exclusive possession." 2 Greenleaf's Evidence, 561.

"If issue be joined on the right of property, the plaintiff must prove either a general or special property, in the goods or cattle at the time of the taking; a mere possessory right is insufficient." 2 Starkie's Ev., 969; Wheeler v. Train, 3 Pickering, 255; Morris on Replevin, 123 ; 5 Mass., 303.

In Morris on Replevin, 123, the following language is used :

"The plaintiff must first prove, that he has a right to maintain his writ of replevin, by showing that he has either an absolute or special property in himself. It will not be enough for him to show the mere fact of the naked possession of the property."

Possession is *prima facie* evidence of ownership as to personal property only, where title is not involved, and where the issue of title is not tendered and made in the pleadings.

*J. O. Goodwin,* Respondent, in person.

The first proposition we lay down is, that the plaintiff can, of course, bring his action in all cases of conversion of property without his consent, and this he may do, whether taken from his possession, or whether he has delivered it to his agent to keep for him, and it is taken out of the agent's possession by defendant.

We leave this proposition by simply referring to the following authorities : Thorp v. Burling et al., 11 John. Rep., p. 286; Holt v. Johnson, 14 ib., 425; Putnam v. Wyley, 8 ib., 432; 14 ib., 87, 406; 20 ib., 465; 1 Wend. Rep., p. 109; 2 ib., 475; 1 Chitty, 155; 1 ib. Pl., 160; 3 Black Com., 148.

As to the first point relied upon by defendant, that possession will not entitle the plaintiff to recover, without further proof as

to how he (plaintiff,) became possessed of such property, it is not a correct legal proposition, and consequently not supported by authority; the true rule being, that a mere naked possessor of property without right, may bring his action for such property; and evidence of his possession, either by himself or his agent, will be sufficient to maintain the action, possession being always *prima facie* evidence of ownership.

And to such a case, it would not be sufficient for defendant to set up property in a third party, unless such allegation should be followed by proof of a paramount title in such third party, and further proof, showing some right or claim to such property, derived by defendant from the true owner. The authorities are full, and without contradiction, upon this point. See 11 Wend., p., 54; 16 ib., 562–71; 15 John. Rep., p. 160.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The only question in the case is, whether plaintiff, by his proof, made out a *prima facie* right to recover in the entire absence of any proof on the part of the defendant.

We think the proof ample to show title *prima facie* in plaintiff. Possession of personal property is *prima facie* evidence of ownership. 2. Cal. Rep., 373. The possession of the servant is the possession of the master. 1 Cal. R., 161.

In this case, the plaintiff had possession for some considerable time before the seizure, and exercised dominion over the property.

Judgment affirmed.