## WENZ ET AL. v. McBRIDE.

LIENS—POSSESSION—STATUTORY CONSTRUCTION.

One who has bestowed labor upon personal property at the request of the owner is not, by virtue of the lien act (Mills' An. Stats., sec. 2856), entitled to a lien thereon for the amount due for such labor unless he retains possession of the property upon which the labor was bestowed. A qualified or mixed possession is not sufficient. The statute is merely declaratory of the common law and must be interpreted in conformity with its principles.

*Error to the County Court of Chaffee County.*

THIS action was originally brought by defendant in error before a justice of the peace to recover possession of a quantity of brick, and, upon an appeal to the county court of Chaffee county, was tried to a jury and a verdict rendered in his favor. It appears from the evidence introduced that during the month of October, 1890, he was employed by Cole & Halcomb, the owners of certain brick kilns, situate on what was known as the Rockwell brick yard, near Salida, to burn brick in these kilns at an agreed price of $1.50 per thousand. That he completed the work on October 26th and then left the yard. The evidence is somewhat conflicting as to the number of times he visited the yard during the interim between the completion of the work on October 26th and the institution of the action on December 11th. The defendant Cole testified that he, McBride, was at the yard but once during this time,

and did not then get off his wagon. The witness Crosswhite testified as follows:

"I live in Salida, about a quarter of a mile from the brick yard. Was in a position to observe who went into the yard. Cole was in possession of the yard at the time the brick was turned over to the sheriff. After the commencement of this action a man by the name of Butcher was in possession. I never knew McBride to be on the grounds, only as he passed through, until a day or two before the sale."

The plaintiff testified that he was at the yard on the 28th and 29th of October, and after that time was engaged in other work. That at the time of the sale the brick were in the possession of Cole and Wenz. On the 20th of November, 1890, McBride, claiming a lien on the brick in question by virtue of the lien act, chap. 77, Mills' An. Stats., p. 1608, filed an affidavit before J. M. McComas, a justice of the peace, for the appointment of appraisers; and in compliance with the procedure provided in that act the brick were offered for sale on the 9th day of November, 1890, and sold to McBride for the sum of $161.05; and upon this purchase McBride predicates his ownership and right to the possession of the brick.

Messrs. HAGAN & CHAMPION and Mr. C. S. LIBBY, for plaintiffs in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented therefore upon this record is whether McBride had a lien upon the brick in question, under the facts shown, by virtue of section 2856 of the lien act referred to, which provides:

"Any mechanic or other person, who shall make, alter, repair or bestow labor upon any article of personal property, at the request of the owner of such personal property, or his or

her agent, shall have a lien upon such property for the amount due for such labor done or material furnished, and for all costs incurred in enforcing such lien."

The lien provided in this act, as at common law, imports simply the right to hold and detain the property. While the statute extends the right of lien to others than those who at the common law could claim its benefits, and provides a remedy for its enforcement, it does not confer a lien except upon the same conditions that one would have existed.at the common law, and possession of the property upon which the lien is claimed is still essential to retain the lien upon it. In other words, the statute is only declaratory of the common law, and must be interpreted in conformity with its principles. *McDearmid v. Foster & Co.*, 14 Ore. 417.

Upon the subject of statutory liens it is said, in Jones on Liens, vol. 1, sec. 749 :

" But generally these statutes in most respects are merely declaratory of the common law, and must be interpreted in accordance with its principles. Especially is this so as regards the necessity of retaining possession of the property in order to retain a lien upon it. The lien under the statute is of the same nature that it formerly was, and the same circumstances must combine to create it. There must be a possession of the thing ; otherwise there cannot, without a special agreement to that effect, be any lien. The term *lien* as used in the statute means the same it ever did—the right to hold the thing until the payment of the reasonable charges for making, altering, repairing, or bestowing labor upon it. Possession of the article is essential. " *McDearmid v. Foster & Co., supra ; McDougall v. Crapon*, 95 N. C. 292.

The employment of defendant in error to burn the brick did not, in our opinion, invest him with such possession of them as is requisite to support a lien. In the case of *King v. The I. O. C. Co.*, 11 Cush. 231, a case very similar in its facts to the one at bar, Bigelow, Justice, said :

" Upon these facts, it is manifest that the plaintiff never had any exclusive and unconditional possession of the prop-

erty. It was, at most, only a mixed possession with Stearns, or rather a license to the plaintiff to enter upon and use the yard of Stearns for the purpose of making and burning the brick. It is entirely clear.that such a restricted and limited possession is insufficient to support a lien. It amounts to nothing more than the ordinary transaction of work done by one person in the manufacture or repair of articles for.another, upon the premises of the latter. The workman in such a case has, to a certain extent, possession of the property, upon which his labor and services are expended; but it is a qualified and mixed possession, which can form no valid basis for a lien."

While that case was decided under the common law, we think the principle therein announced is applicable to the facts in this case and is decisive of the question before us, since, by our statute, as well as at common law, the right of lien is incident to and dependent upon possession, and that the attempted foreclosure and sale created no additional right to the brick that did not exist by virtue of a lien, and hence was ineffectual to transfer any right or title therein to defendant in error.

We also think it clearly appears from the record that if it could be said McBride, by virtue of his employment at the time he was engaged in burning the brick, had such a possession as would entitle him to a lien, that by his subsequent conduct he relinquished such possession, and thereby waived it. The judgment will therefore be reversed.

*Reversed.*