## Elmer Fitzgerald, Appellant, *v.* L. B. Elliott, Sheriff.

*Bailment—Lien for work—Possession—Logs.*

It is indispensable to the existence of a common law lien for work done upon personal property, that the party who claims the lien should have an independent and exclusive possession of the property.

In an action against a sheriff to recover damages for a wrongful sale of logs, it appeared that plaintiff's employer had bought the timber on a tract of land, and had employed plaintiff to cut and skid the logs on the land where the timber had grown. *Held* that plaintiff had no such exclusive possession of the logs as to entitle him to a common law lien.

*Trespass against sheriff for levying and selling logs.*

If plaintiff had a statutory lien for his work on the logs, this fact did not make the sheriff a trespasser in levying upon and selling them.   Plaintiff should have looked to the fund realized by the sale, and proceeded for the enforcement of it in accordance with the provisions of the statute which conferred it.

Argued May 2, 1894.    Appeal, No. 286, Jan. T., 1894, by plaintiff, from order of C. P. Elk Co., May T., 1892, No. 169, refusing to take off judgment of compulsory nonsuit.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for levying logs, etc.    Before MAYER, P. J.

The facts appear by the opinion of the Supreme Court.

The sheriff's return shows that the property levied upon was among other things hemlock logs on skids and in pond.    The return in enumerating the property proceeds : " Tools in blacksmith shop, etc., which property I have left in charge of A. W. Foster."

*Error assigned* was refusal to take off nonsuit.

*Samuel T. Neill, Harry Alvin Hall* amd *A. W. Gregory* with him, for appellant.—Plaintiff being a bailee of the logs for the purpose of cutting, transporting and delivering them to the mill of Maxwell, had such possession and qualified property or lien thereon, for his money and labor expended, as would sustain a right of action against the sheriff for disturbing or interfering with such possession, and this seizure and levy upon said logs was a trespass : Young v. Kimball, 23 Pa. 193 ; Hartman v. Keown, 101 Pa. 338 ; Swift v. Morrison, 2 W. N. 699 ; Brown v. Dempsey, 95 Pa. 243 ; Mathias v. Sellers, 86 Pa. 486 ; Yearsley v. Gray, 140 Pa. 238 ; Hensel v. Noble, 95 Pa. 345 ; McIntyre v. Carver, 2 W. & S. 392 ; Pierce v. Sweet, 33 Pa. 151 ; Welsh v. Bell, 32 Pa. 12 ; Dixon v. Sewing Machine Co., 128 Pa. 397 ; Paxton v. Steckel, 2 Pa. 93 ; Srodes v. Caven, 3 Watts, 258 ; Hammon v. Fisher, 2 Grant, 330 ; Ward v. Taylor, 1 Pa. 238 ; Gloss v. Black, 91 Pa. 418 ; Talmadge v. Scudder, 38 Pa. 517.

Plaintiff, having expended labor and money in cutting and skidding these logs in controversy, had a common law lien

thereon and right to retain the logs until he was reimbursed his expenses and paid for his labor: McIntyre v. Carver, 2 W. & S. 392; Pierce v. Sweet, 33 Pa. 151; Swift v. Morrison, 2 W. N. 699; Cross v. Knickerbocker, 8 Phila. 496; Mathias v. Sellers, 86 Pa. 486; Brown v. Dempsey, 95 Pa. 243.

The right of common law lien is not taken away or superseded by the act of April 9, 1872, and its supplements, giving a lien for wages of labor: Powell v. Mfg. Co., 8 W. N. 293; Rees v. Emerick, 6 S. & R. 286; Smith v. Shuler, 12 S. & R. 240; Aycinena v. Peries, 6 W. & S. 257; Pardee's Ap., 100 Pa. 408; White's Ap., 15 W. N. 313.

*A. P. Huey*, for appellee.—Plaintiff was not a bailee of the logs, but was employed by Maxwell to cut and skid logs on his own land. Appellant had no exclusive possession of the premises or the logs, but such possession as he had was the possession of Maxwell.

Since the right of detention, termed a lien, springs from the previous independent possession of the person in whose favor it arises, it can be predicated only of those who have such independent possession. The possession of goods of their employer, by a mere servant, laborer or journeyman, is simply that of their employer, and consequently no lien can arise in their favor: 2 Trickett on Liens, p. 733.

The evidence does not show that the sheriff in any way interfered with plaintiff's possession of the logs, but does show that the sheriff was not in possession of the logs when he made the levy; that the possession of the logs was not taken from any one nor delivered to any one by the sheriff.

Swift v. Morrison, 2 W. N. 699, is a case where the logs were pledged by the owner for the payment of the cost of cutting, skidding and hauling, and Morrison was to have the right to hold the logs until he had been paid for his services. Welsh v. Bell, 32 Pa. 12, is not a case of bailment, but one in which Bell was the sole owner.

The act of May 7, 1891, P. L. 44, was the only security which plaintiff had.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1894:

This is an appeal from the refusal of the court below to take

off a compulsory nonsuit in an action against a sheriff for levying upon and selling a quantity of logs on an execution against A. Maxwell, who was the owner of a sawmill, and engaged in the business of manufacturing lumber. It appears from the evidence in the case that Maxwell owned the timber which had been cut and peeled on the Dixon tract; that he employed the plaintiff to cut the timber into logs and put them in the mill pond, and that the logs levied on and sold by the sheriff were cut and skidded by the plaintiff on said tract where they were at the time of the sale. The logs were the property of Maxwell, but the plaintiff claimed a lien upon them for his labor. It also appears from the evidence that the sheriff did not at any time remove the logs, that the only possession he had of them was such as was imputable to the levy, and that the purchaser at the sale removed them subsequently thereto. It should be stated in this connection that it appears by the sheriff's return that from the time of the levy to the time of the sale he left the property levied upon in charge of A. W. Foster. The learned trial judge thought that upon these uncontroverted facts the sheriff was not liable to the plaintiff in an action of trespass.

It seems to us that the first question presented for our consideration is whether the plaintiff had a common-law lien upon the logs. If we concede that he had such a lien, we are then to inquire whether there was such interference with or disturbance of the property bound by it as rendered the sheriff a trespasser in making the levy and sale.

It is indispensable to the existence of a common-law lien that the party who claims it should have an independent and exclusive possession of the property. Had the plaintiff such possession of the logs? They were not on his land. They were on the Dixon tract, but whether Maxwell purchased it with the timber, the evidence does not inform us, nor is it material. The possession of the timber was in the owner of it, and that possession was not changed or affected by the arrangement under which the logs were cut and skidded by the plaintiff. The latter was not a bailee of the timber or of the logs cut therefrom. He was employed to cut the timber into logs and put them in his employer's mill pond. There was nothing in the nature of his employment which gave him an independent

and exclusive possession of the timber or the logs at any time, but on the contrary the agreement under which he was to do the work was inconsistent with his claim of a right to the possession of them until he was paid for his labor.   He cut and skidded the logs where his employer had the right to cut and skid them preparatory to their removal to his mill.   If the plaintiff had a common-law lien upon the logs for his work, then he who cuts firewood or splits rails from his employer's timber and hauls or agrees to haul the firewood to his employer's house, or the rails to designated points on his farm for the purpose of fencing it, has a like lien.   And if this be so, then the person who is employed to dig coal in his employer's mine and pile it at the pit's mouth on his employer's land has a common-law lien upon the coal for his labor in digging and piling it. But in Ritter v. Gates, decided at Pittsburg in 1852, it was held by this court, in an opinion by Chief Justice BLACK, that a laborer employed to dig ore has no lien upon it for his wages: 1 Am. Law Register, 119.

The cases cited in support of the plaintiff's claim are not analogous to the case at bar.   They were cases in which the lienor had an independent possession of the property as a bailee, or in which the lien was created by the agreement of the parties.   In this case there was no bailment or stipulation for a lien.

The fundamental error in the plaintiff's contention lies in his assumption that he had an independent possession of the property, when in fact such possession as he had was that of his employer.   Maxwell was in possession of the Dixon tract for the work the plaintiff did for him there, whether he owned it or not; the land on which the timber lay and the logs were cut and skidded was in his possession for the purpose for which his employee used it.   It follows that the rights of the plaintiff in respect to lien and possession were the same as if his employer owned the land on which the work was done.   In cutting and skidding the logs where he did he was exercising his employer's right to cut and skid them there.

We conclude upon a careful consideration of the plaintiff's testimony in reference to the agreement under which he did the work, that he was not entitled to a common law lien upon the logs, and that if he had a statutory lien or preference for all or

part of his claim, it did not make the sheriff a trespasser in levying upon and selling them.   If he had a statutory lien or preference he should have looked to the fund realized by the sale, and proceeded for the enforcement of it in accordance with the provisions of the statute which conferred it.   It follows from these views that the learned court did not err in denying the motion to take off the nonsuit.

The specifications of error are overruled.

Judgment affirmed.