[L. A. No. 742.   Department Two. — August 8, 1901.]

## JESSE   HUNTER, Appellant, v.   JANE   ELIZABETH MILAM, Respondent.

APPEAL — JUDGMENT — LAPSE OF TIME — DISMISSAL. — An appeal from the judgment, taken too late, cannot be considered, and must be dismissed.

ID. — REVIEW OF ORDER DENYING NEW TRIAL. — Upon appeal from an order denying a new trial, the point that the judgment is erroneous, and not supported by the findings, cannot be considered; but the review must be confined to alleged insufficiency of the evidence, and errors of law excepted to at the trial.

ID. — ACTION TO SET ASIDE DEEDS AND TO QUIET TITLE — LACHES AND LIMITATION — SUPPORT OF FINDINGS — AFFIRMANCE OF ORDER DENYING NEW TRIAL. — Where the decision in an action to set aside deeds from plaintiff to his wife, and to quiet his title, on the alleged ground that her marriage to him was discovered to be invalid, was against the plaintiff, and was based upon findings of laches and limitation, among other facts, and an appeal from the judgment was too late, an order denying a new trial must be affirmed, where it appears that the findings were sustained by the evidence, and there were no prejudicial errors of law.

ID. — FINDING OF MARRIAGE — SPECIFICATION OF INCOMPETENCY. — A finding merely to the effect that at a certain date a marriage was solemnized between plaintiff and defendant, and the certificate of marriage recorded, which fact was proven and not disputed, cannot be successfully assailed under a specification of insufficiency of the evidence to justify it, because the evidence shows that the defendant was then the wife of another, and was incompetent to enter into a marriage with the plaintiff.

ID. — CONSTRUCTION OF FINDINGS — "EXCLUSIVE POSSESSION" UNDER LEGAL TITLE — FAMILY RESIDENCE. — A finding that the plaintiff "for more than ten years suffered the legal title and exclusive possession to remain in defendant," is to be construed with another finding, that plaintiff and defendant occupied the premises as a family residence, and the "exclusive possession" referred to is not intended to exclude the residence of the husband with the wife.   Where the two findings, taken together, show the real facts, the "exclusive possession," in the sense understood by the court, is not against the evidence.

ID. — CONCLUSION OF LAW — TITLE IN FEE-SIMPLE. — A finding that by the first deed of a certain date "defendant became vested with an absolute title in fee-simple to said premises," is properly placed among the conclusions of law from facts previously found.

ID. — EVIDENCE — DECREE REFUSING TO ANNUL MARRIAGE — RES ADJU-
DICATA — VALIDITY OF MARRIAGE — RULING WITHOUT PREJUDICE. —
The admission in evidence of a decree refusing to annul the marriage
between the parties, at the suit of the husband, is not necessarily
erroneous, whether it is *res adjudicata* of the validity of the mar-
riage or not; and where it appears that the action was barred by
laches and limitation, any error of the court in ruling that the judg-
ment was an estoppel as to the validity of the marriage is without
prejudice. .

ID. — INTENTION OF PLAINTIFF — EXCLUSION OF EVIDENCE — HARMLESS
ERROR. — The erroneous exclusion of evidence of the plaintiff, as to
his intention in making the second deed, is harmless, where the
plaintiff, both before and after such exclusion, fully testified as to
such intention.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from an order denying a new trial. M. T.
Allen, Judge.

The facts are stated in the opinion of the court.

Knight & Harpham, and Works & Lee, for Appellant.

Goodrich & McCutchen, Ben Goodrich, and S. A. W. Carver,
for Respondent.

THE COURT.—This is an action to have set aside and
declared void two deeds executed by plaintiff to defendant,
conveying to the latter a certain lot of land, and to quiet
plaintiff's title thereto. Judgment went for defendant, and
plaintiff appeals from an order denying his motion for a new
trial. He also attempted to appeal from the judgment, but
such attempted appeal was taken too late, and cannot be con-
sidered.

The first deed was executed and delivered to respondent on
December 28, 1878, and was on that day recorded, and by it
the land was conveyed to respondent in fee-simple. The sec-
ond deed was executed and delivered April 4, 1884, and con-
veyed the same land to respondent during her natural life,
"and in case she survives said party of the first part, then to
her, and her heirs and assigns forever," and was also on the
day of its execution duly recorded. This action was com-
menced on February 14, 1896, which was nearly eighteen years
after the execution and recordation of the first deed, and over
twelve years after the execution and recordation of the second

deed.   The decision of the court below was based, among other
things, on the laches of plaintiff and the bar of the statute of
limitations, under subdivision 4 of section 338 of the Code of
Civil Procedure.

A marriage was solemnized between plaintiff and respond-
ent on July 3, 1862, and they lived together as husband and
wife from that time until the year 1883, when they separated.
It may be briefly stated, for a general understanding of the
case, that appellant contends that the marriage was not valid,
for the alleged reason that some four or five years before its
solemnization respondent had been married to one Joseph
Milam, who was then still alive, and she had not been divorced
from him; that appellant did not know these facts, and sup-
posed that his marriage to respondent was valid, until some
time in the year 1883; that he made the first deed supposing
that respondent was his legal wife, and would not otherwise
have made it; and that he made the second deed with the
understanding that respondent would destroy the first deed.
All these alleged facts respondent denied.

A great deal of appellant's argument is directed to the point
that the judgment is erroneous as a matter of law; but as
there is no appeal from the judgment, we can only consider
attacks made upon the findings as not supported by the evi-
dence, and alleged errors of law occurring during the trial, to
which exceptions were taken.   We cannot inquire whether or
not the findings support the judgment.

There are only two attempted specifications of the particu-
lars in which the findings are not sustail ed by the evidence.
It is specified, first, as follows: "The evidence is insufficient to
justify the first finding, because the evidence shows that on
the third day of July, 1862, the defendant was the wife of one
Joseph Milam, and was incompetent to enter into a marriage
with plaintiff."   Assuming that this is a sufficient specifica-
tion, the said first finding is merely to the effect that on July
3, 1862, a marriage was solemnized between the parties and
the certificate of marriage recorded, which facts were proven
and not disputed.   The second specification is, that "the evi-
dence is insufficient to justify the tenth finding, because the
evidence shows," etc.   The only part of the tenth finding
which is vulnerable to this attack is that in which it is found
that plaintiff "for more than ten years thereafter suffered the

legal title and exclusive possession to remain in defendant";
and this part of it is certainly supported by the evidence, with
the exception, perhaps, of the expression, "and exclusive pos-
session." It is not quite clear as to which ten years are re-
ferred to; but it is clear that the court did not mean that dur-
ing the ten years immediately following the date of the first deed
defendant was in the exclusive possession, in the sense that
plaintiff did not live with her on the premises; for in the fifth
finding the court finds that "soon after the execution of this
deed [the first one], plaintiff and defendant moved upon the
premises described in the complaint as their home, and con-
tinued to occupy the same as a family residence until 1883."
It is therefore immaterial how the said expression, used in the
tenth finding, should be construed. The two findings, taken
together, show the real facts.

As to errors of law occurring at the trial, the main one is the
alleged error in admitting in evidence the judgment roll in a
former case of the present plaintiff *versus* the present defend-
ant, described as "Jane Elizabeth Milam, sometimes known
as Jane Elizabeth Hunter." That action was brought in
August, 1892, to have annulled the marriage between plaintiff
and defendant. The case was tried in the superior court, and
judgment was rendered for defendant, the court holding that
the marriage was valid, and upon appeal to this court, the
judgment was affirmed. (See *Hunter* v. *Hunter*, 111 Cal. 261.)
The objection urged is, that the judgment in that case does
not estop appellant from again asserting the invalidity of the
marriage; but if that be admitted, it does not follow that the
judgment roll was not admissible for any purpose. But even
if erroneously admitted, it would not affect the grounds of
laches and statute of limitations on which the judgment was
based; neither, in this view, is it of consequence that the court
found, as a matter of law, that the judgment was an estoppel
as to the validity of the marriage. The only other exception
to the rulings upon admissibility of evidence is to the sustain-
ing of an objection of respondent to a question asked appellant
on the witness-stand as to his intention in executing the second
deed. This ruling could have done no harm, for appellant,
both before and after this question, fully explained what his
reasons were for making the second deed. The foregoing are
all the matters of any consequence which are presented on the

appeal from the order denying a new trial. It may be noticed, however, that the finding, "that by said deed of December 28, 1878, defendant became vested with an absolute title in fee-simple to said premises," is clearly one of the conclusions of law, among which it properly appears in the record. No doubt a finding of title is in some connections a finding of fact, but not so in the case at bar, where it is a mere conclusion from the facts already found. (*Savings and Loan Society* v. *Burnett*, 106 Cal. 514.)

The appeal from the judgment is dismissed and the order denying a new trial is affirmed.