[No. 22.   Third Appellate District.—June 3, 1905.]

FRED MICHAELSON, Appellant, v. FRANK W. FISH, Respondent.

APPEAL FROM JUDGMENT—EXPIRATION OF TIME—DISMISSAL.—An appeal from a judgment taken more than six months after its entry must be dismissed.

NEW TRIAL—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE—AGREED STATEMENT—ABSENCE OF OBJECTION.—Where the specifications of insufficiency of the evidence were made in an agreed statement substantially embodying the testimony, and plainly pointed to the particular defect in the proof, and no objection was made thereto, though the court evidently passed upon the motion with the agreed statement before it, the specifications must be deemed sufficient.

LIENS FOR UNPAID LABOR ON PERSONAL PROPERTY—BAILMENT—EXCLUSIVE POSSESSION ESSENTIAL.—A lien for unpaid labor bestowed on personal property exists only in favor of a bailee for hire who has an independent and exclusive possession of the property, personally or by agent, before and during the service required for the particular purpose of making, repairing, altering, improving, or protecting the article upon which he claims a lien.

ID.—MASTER AND SERVANT—POSSESSION OF EMPLOYER—MANUFACTURE OF BRANDY—STORAGE WITH EMPLOYEE—ABSENCE OF LIEN FOR WAGES.—Where the relation of master and servant exists, the possession of the servant, during the term of his employment, is the possession of his employer, and he can have no lien on a manufactured article which is in part the product of his labor. One employed as general manager in a distillery has no lien on the manufactured brandy in part of the product of his labor, and the subsequent storage of the manufactured brandy by the employer,

with the consent of the employee, in the cellar of the latter, does not authorize him to retain possession thereof against the employer until his wages are paid.

APPEAL from a judgment of the Superior Court of Shasta County and from an order denying a new trial. Edward Sweeney, Judge.

The facts are stated in the opinion of the court.

Watson & Bush, for Appellant.

D. G. Reid, for Respondent.

McLAUGHLIN, J.—This action was brought by plaintiff to recover possession of eleven casks of brandy, with damages for withholding possession of the same. The defendant, answering the complaint, denied that plaintiff owned, or was entitled to the possession of the brandy, or had at any time demanded possession of the same. As a special defense, and as ground for affirmative relief, he alleged: That he was employed by one Annie Kline Rickert as a distiller to make and manufacture brandy, at an agreed wage of seventy-five dollars per month; that he was to receive one hundred and twenty-five dollars for certain fruit furnished by him to said employer; that his employer was using plaintiff's distillery in making said brandy, under permission from plaintiff; that he worked under said employment eight months, and that no part of his said wages, or of the money due for said fruit, had been paid; that he was in possession of said brandy until it was wrongfully taken from him under a writ of replevin; that he was entitled to retain possession of the same until he was paid for his labor in making it. The prayer was, that he be adjudged entitled to the possession of the brandy, and, in case it could not be returned, to its value.

The findings recite that the plaintiff is the owner of the brandy, and that he had demanded and been refused possession of two casks thereof. The other facts were found substantially as set forth in the answer, except as to the amount due for labor and services, which was fixed at two hundred and twenty-five dollars. It is further found: "That before giving up possession of said brandy he [defendant] was entitled to be paid for his labor in making the same, to the

extent of $225.00, which said amount *was a lien upon said brandy for the labor of defendant in making the same.*" The conclusions of law contained a recital of like tenor, and, further, that defendant was entitled to possession of the brandy. Judgment was entered accordingly, and from this judgment and an order denying his motion for a new trial plaintiff appeals.

The appeal from the judgment was taken more than six months after the judgment was made and entered, and it must therefore be dismissed. (Code Civ. Proc., sec. 939, subd. 1; *Henry* v. *Merguire,* 111 Cal. 1, [43 Pac. 387.])

The motion for a new trial was based upon an agreed statement of the case. It contains no assignments of error, save four specifications of particulars, in which the evidence is insufficient to sustain the decision of the court. These specifications are assailed as being too general and uncertain. We do not think the court or opposing counsel could have had any doubt as to what evidence should be put into the statement, for the specifications plainly point to the particular defect in the proof. No objection appears to have been made that the specifications were insufficient, though the court evidently passed upon the motion with the agreed statement before it. The testimony appears to be substantially embodied therein. Under the liberal rule recently declared by the supreme court the specifications are entirely sufficient. (*Jones* v. *Goldtree Brothers Co.,* 142 Cal. 383, [77 Pac. 939]; *American Type etc. Co.* v. *Packer,* 130 Cal. 462, [62 Pac. 744.]

The principal question presented by such specifications is this, Does the ordinary relation of master and servant alone entitle the servant to a lien on a manufactured article which is in part the product of his labor? According to the testimony of defendant, he was employed to work in this distillery as a distiller and general manager. He had charge of the distill and of the grape-pickers, and worked at anything and everything about the premises. Aside from the grape-pickers, at least three men, Benton, Jewell, and Rickert, assisted in making the brandy. After being manufactured, the brandy was stored in his cellar, with his consent, and by direction of Mrs. Rickert. All this was during his employment as above mentioned. That he had no special possession of the brandy before or during the manufacture thereof, for any

purpose or in any sense, is clear. His possession during the term of his employment was the possession of his employer, under every rule governing the relation of master and servant. (*Ledley* v. *Hays*, 1 Cal. 161; *Goodwin* v. *Carr*, 8 Cal. 615; *People* v. *Perini*, 94 Cal. 575, [29 Pac. 1027].) Our statutory provisions are but re-enactments or extensions of the common law relating to liens of this character. Under both, a person who makes, alters, or repairs any article of personal property, or who by labor or skill improves such article, will have a special lien thereon, and may retain possession until his charges are paid. (Jones on Liens, sec. 731 et seq.; Civ. Code, secs. 3051, 3052.) But this lien exists only "in favor of a *bailee for hire,* who *takes property, in the way of his trade and occupation,* and by his labor and skill imparts additional value to it."   (Jones on Liens, sec. 731.)   In other words, if personal property is *delivered* to a person, either for the purpose of having another article made from it, as gold for a ring, leather for a harness, or lumber for a desk, or for the purpose of having it altered, repaired, or improved, the person having special possession for any of the purposes mentioned, and who performs the service required of him, will have a special lien on the article for his charges, as long as he retains possession of the same. But this is far from saying that any employee will have a lien on any article manufactured during the course of his employment. Such a doctrine would not only result in a babel of voices, each claiming a lien on the product of factory, mill, and forge, but would paralyze every industry where many perform their part in manufacturing the infinite variety of articles now upon our markets. It is indispensable to this character of lien that the person asserting it should have an independent and *exclusive* possession of the property. (*Grinnell* v. *Cook,* 3 Hill (N. Y.), 485, [38 Am. Dec. 663]; *Hollingsworth* v. *Dow,* 19 Pick. 228.) Nay, more; he must have such possession personally, or by an agent, before and during the service required, and for the particular purpose of rendering some service in making, repairing, altering, improving, or mayhap protecting the article upon which he claims a lien. (*McDearmid* v. *Foster,* 14 Or. 417, [12 Pac. 816, 817]; *Wenz* v. *McBride,* 20 Colo. 195, [36 Pac. 1105]; Jones on Liens, sec. 731 et seq.) Applying these principles to the case at bar, we are forced to the conclu-

sion that not one element essential to this character of lien existed. Viewing the evidence in the light most favorable to respondent's contention,—going even farther, and conceding that he was employed as a distiller and did nothing else,— still his lien must fall. Whether his position was humble or exalted, his duties special or general, he was still a servant. His rights and duties were both governed by the law pertaining to the relation of master and servant. He could not be a bailee in any sense, much less for hire, for his possession in any event would be the possession of his employer. He could not and did not have that *independent* and *exclusive* possession of the brandy indispensable to the lien claimed. Neither before nor during the manufacture did he have possession of the brandy, or the fruit from which it was made, any more than Jewell, or Benton, or the grape-pickers, his co-workers, had. None of these co-workers had possession, and neither did he. The possession was in the employer, whose servants they all were, during the entire process of making the brandy. It may be claimed that he had obtained possession of the brandy *after* it was made. Waiving the evidence which shows conclusively that the liquor was in the actual or constructive possession of the employer all the time, such possession could not avail him here, for we have seen that such a possession is not an element in this class of liens. If an employee in a. manufacturing establishment could obtain a lien by simply securing possession of a keg of pickles, a box of crackers, or a bolt of cloth, according to the nature of his work, resulting chaos would compel a repeal of the law under which such lien obtained. And then respondent's service was not *special*, as being confined to the distill or the manufacture of this brandy. Sour wine was made, and he himself says he picked fruit, looked after the men, kept the books, did some grubbing and carpenter-work, papered the house, hauled stuff to Redding, and did "most everything while he was there," all during the term of his employment. Neither was the brandy the sole product of *his* service. *He* informs us that at least three men, besides the grape-pickers, assisted in making the brandy. Others employed with him, by the same master, under separate and distinct contracts of employment, contributed *their* labor, and even the plaintiff furnished his fruit. Under these circumstances there could be no lien. It might as well be claimed

that the product of the loom is subject to the lien of any of the many persons whose fingers deftly contributed to its texture, color, or finish. As was well said by our supreme court, "We know of no principle of law which authorizes an employee to take or retain property of his employer until his wages have been paid." (*Ex parte Corran* (Cal.), 41 Pac. 454). That no lien exists in favor of a person situated as respondent was has been the uniform holding wherever the question has arisen. (*McIntyre* v. *Carver*, 2 Watts & S. 392, [37 Am. Dec. 519] ; *Fitzgerald* v. *Elliott*, 162 Pa. St. 118, [42 Am. St. Rep. 812, 29 Atl. 346] ; Mechem on Agency, sec. 676; *Lawrence* v. *Phy*, 27 Or. 506, [41 Pac. 673].)

The court having found that appellant was the owner of the brandy, it followed that he was entitled to possession, unless respondent had some legal right to withhold such possession. The materiality of the findings or decision that respondent had a lien, and was entitled to possession until his wages were paid, is therefore apparent. The evidence is insufficient to justify or sustain the last-mentioned findings.

The appeal from the judgment is dismissed, and the order denying the motion for a new trial is reversed and a new trial granted.

Chipman, P. J., and Buckles, J., concurred.