[No. 106. Third Appellate District.—November 21, 1905.]

## WILLIAM CALKINS, Respondent, v. CHARLES B. HOWARD et al., Appellants.

APPEAL FROM JUDGMENT—EXPIRATION OF TIME—DISMISSAL.—An appeal from a judgment taken after the expiration of six months must be dismissed.

SALE OF STOCK IN TRADE—NOTICE NOT RECORDED—INVALIDITY AGAINST EXISTING CREDITORS—CONCLUSIVE PRESUMPTION.—Under section 3440 of the Civil Code, a sale or transfer of stock in trade in bulk or in any manner otherwise than in the ordinary course of trade, and in the regular and usual method of the vendor, is conclusively presumed to be fraudulent and void against existing creditors of the vendor, unless the notice therein provided for is recorded at least five days before the consummation of the sale.

ID. — DEFINITION OF CREDITOR — MORTGAGE — SUBSEQUENT DEFICIENCY JUDGMENT.—The word "creditor" is given a very broad significance in determining the right to assail a fraudulent transfer of property; and section 3440 of the Civil Code includes an existing mortgage creditor, whose security is subsequently exhausted upon foreclosure, and who obtains a deficiency judgment. The mortgagee is none the less a creditor because of the mortgage security.

ID.—FINDING—ABSENCE OF FRAUDULENT INTENT—PRESUMPTION INCON-
TROVERTIBLE.—A finding that there was an absence of fraudulent
intent cannot neutralize the effect of the failure to record the statu-
tory notice of the sale of the stock in trade in bulk. The conclu-
sive presumption of fraud and invalidity declared by the statute
is incontrovertible, and such finding must fall before it.

ID.—EXECUTION RETURNED NULLA BONA—PRIMA FACIE EVIDENCE OF IN-
SOLVENCY—FINDING AGAINST EVIDENCE.—A finding that there was
no proof of the insolvency of the judgment debtor is against evi-
dence where it appears that an execution had been issued and
returned *nulla bona,* which is sufficient *prima facie* to show that no
other property is available to satisfy the judgment.

ID.—VOID TRANSFER — LEVY BY SHERIFF — ACTION BY TRANSFEREE—
SHOWING OF INSOLVENCY UNNECESSARY.—Where the law makes the
transfer absolutely void as to the creditor, the sheriff who has
seized the property under execution is not required to plead or
prove the insolvency of the judgment debtor, in an action by the
transferee to recover the property.

APPEAL from a judgment of the Superior Court of
Siskiyou County, and from an order denying a new trial. J.
S. Beard, Judge.

The facts are stated in the opinion of the court.

Coburn & Collier, for Appellants.

R. S. Taylor, and James F. Lodge, for Respondent.

McLAUGHLIN, J.—This is an action against defendant
Howard, and the sureties on his official bond as sheriff of
Siskiyou county, to recover certain personal property or the
value thereof. The plaintiff had judgment, and from such
judgment and the order denying their motion for a new
trial, defendants appeal. The appeal from the judgment
was not taken within six months, and hence it must be dis-
missed. (*Michelson* v. *Fish,* 1 Cal. App. 116, [81 Pac. 661].)
The defendant sheriff holds the property by virtue of an
execution issued in a case entitled *G. W. Small* v. *W. H.
Hubbard.* In that case Small recovered a judgment fore-
closing a mortgage, the amount found due being $453.50.
The mortgaged property was sold pursuant to this judg-
ment, and on August 10, 1903, a deficiency judgment for
the sum of $242.62 was docketed. Two weeks later an exe-
cution was issued on said deficiency judgment, and the de-

fendant sheriff levied the same by seizing the property here in dispute. This property comprised the stock in trade and fixtures of a saloon conducted by Hubbard, who sold it to plaintiff in bulk on July 15, 1903. Plaintiff took possession of the same, and while he was so in possession the property was seized by the sheriff. Plaintiff gave due notice of his claim to the property and demanded its return, but the sheriff refused to comply with such demand, and thereupon this action was brought. No notice of the sale by Hubbard to plaintiff was recorded, as required by the provisions of section 3440 of the Civil Code, and the principal question presented for decision involves the construction of that portion of said section which provides that the sale or transfer of a stock in trade in bulk, or in any manner otherwise than in the ordinary course of trade, and in the regular and usual method of the vendor, will be *conclusively presumed* to be fraudulent and void as against *existing creditors* of the vendor, unless the notice therein provided for is recorded at least five days before the consummation of the sale.

It is contended by respondent that Small was not an existing creditor within the meaning of the section cited, because at the time of the sale, no deficiency judgment had been docketed. We cannot concur in this view. A debtor is one who, by reason of an existing obligation is, or may become, liable to pay money to another, whether such liability be certain *or contingent.* (Civ. Code, sec. 3429.) A creditor is one in whose favor an obligation exists by reason of which he is, or may become, entitled to the payment of money. (Civ. Code, sec. 3430.) A mortgagee is none the less a creditor because the payment of the debt due him is secured by a lien on specific property. As to this property, he is a preferred creditor; but, if a balance remains after the security is exhausted, his right to have recourse against the general assets of his debtor is unquestionable. "The taking of the security operated to suspend the right of proceeding against the property fraudulently conveyed, or any other property of the debtor, until the mortgaged property should be exhausted and a deficiency judgment docketed; but we cannot perceive any principle upon which suspension of the remedy, without more, could operate more favorably upon

property fraudulently conveyed than upon other property of the debtor, all being alike subject to the process of law in favor of existing creditors." (*First Nat. Bank etc.* v. *Maxwell,* 123 Cal. 369, [69 Am. St. Rep. 64, 55 Pac. 980].)

The word "creditor" is given very broad significance in determining the right to assail a fraudulent transfer of property. (*Murray* v. *Murray,* 115 Cal. 273, [56 Am. St. Rep. 97, 47 Pac. 37] ; *Chalmers* v. *Sheehey,* 132 Cal. 465, [84 Am. St. Rep. 62, 64 Pac. 709].) If persons having a claim for a tort, or for maintenance, can be considered creditors, if those whose rights are inchoate, indefinite, uncertain, and contingent upon judicial award, can assail fraudulent transfers, surely a mortgage creditor, pursuing his special remedy and security, is not robbed of the legal status which attaches the moment the obligation is created and continues until the debt is paid.

It is argued that the contrary conclusion follows because, if notice had been given, this mortgage creditor would have been remediless, and hence no harm or disadvantage resulted to Small by reason of the failure to record the statutory notice. Waiving the thought that this is a false quantity in determining the status of a creditor in the absence of such notice, we think that the law affords preventive or protective remedies to all whose rights require conservation.

It is next urged that the finding as to absence of fraudulent intent neutralizes the effect of failure to record the notice. We do not think any finding of fact, however strong in its demonstration of good faith, can avail to validate the sale of a stock in trade in bulk without the statutory notice, as against existing creditors of the vendor. The clause of section 3440 under consideration is plain and unambiguous, and when it is shown that such a sale was made without the required notice, it is "*conclusively* presumed to be fraudulent and void as against the existing creditors of the vendor." This presumption is incontrovertible. "Where the law makes a certain fact a conclusive presumption, evidence will not be received to the contrary." (*Estate of Mills,* 137 Cal. 303; [92 Am. St. Rep. 175, 70 Pac. 91] ; *Filipini* v. *Trobock,* 134 Cal. 444, [66 Pac. 587].) Under the undisputed facts in this case, therefore, the finding in

question must fall before the conclusive presumption raised by the statute.

The court found that there was no proof of the insolvency of Hubbard, "nor any proof that he did not have sufficient property out of which said execution issued on said deficiency judgment could have been satisfied." This finding is relied upon to support the judgment regardless of the fraudulent nature of the transfer. But the finding is contrary to the only evidence bearing on the facts found. An execution had been issued and returned *nulla bona,* and certainly the return of the sheriff that he was unable to find other property is sufficient, *prima• facie,* to show that no other property is available to satisfy the judgment. (14 Am. & Eng. Ency. of Law [Ind. ed.], p. 331; *Herrlich* v. *Kaufman,* 99 Cal. 277, [37 Am. St. Rep. 550, 33 Pac. 857].)

In any event, however, the transfer being absolutely void as to Small, the sheriff was not required to plead or prove the insolvency of Hubbard. (*First Nat. Bank* v. *Maxwell,* 123 Cal. 369, [69 Am. St. Rep. 64, 55 Pac. 980]; *Mason* v. *Vestal,* 88 Cal. 397, [22 Am. St. Rep. 310, 26 Pac. 213]; *Banning* v. *Morelan,* 121 Cal. 242, [53 Pac. 692].)

The order is reversed and the cause remanded for a new trial.

Buckles, J., and Chipman, P. J., concurred.