[Civ. No. 96. Third Appellate District.—November 27, 1905.]

## J. H. WALBRIDGE et al., Respondents, v. L. W. COUSINS, Appellant.

ORDER DENYING NEW TRIAL—APPEAL—WANT OF JURISDICTION—DISMISSAL.—An appeal from an order denying a new trial not taken within sixty days from the time when the order was made and entered in the minutes of the court, or filed with the clerk, as required by subdivision 3 of section 939 of the Code of Civil Procedure, is not within the jurisdiction of the appellate court, and must be dismissed.

APPEAL from an order of the Superior Court of Siskiyou County denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

R. S. Taylor, and J. H. Magaffey, for Appellant.

James F. Farraher, and Charles J. Luttrell, for Respondents.

CHIPMAN, P. J.—In this case a notice of intention to move for a new trial was served and filed on May 8, 1903. The statement was settled August 16, 1904, and filed September 14, 1904, and on this last-named date the motion for a new trial was submitted to and denied by the court. On January 6, 1905, the notice of appeal from the order was served and filed. There is no appeal from the judgment.

Respondents make the point that this court is without jurisdiction to hear the appeal; citing subdivision 3, section

939 of the Code of Civil Procedure. This section provides that an appeal may be taken: "3. From an order granting or refusing a new trial . . . within sixty days after the order . . . is made and entered in the minutes of the court or filed with the clerk." Appellant filed no reply brief, but at the argument claimed that the record would show a stipulation in effect waiving the objection raised by respondent. It is not necessary to decide whether the requirements of the statute may be waived. We fail to discover anything in the record by way of stipulation or otherwise in effect waiving the objection. The right of appeal from the order as from a judgment depends upon the statute, and jurisdiction is conferred upon the appellate court by compliance with the statute. An appeal from an order denying a new trial must be taken within sixty days from the time the order is made and entered. (*Turner* v. *Reynolds*, 81 Cal. 214, [22 Pac. 546 ].) So held as to an order made after final judgment (*Doyle* v. *Republic Life Ins. Co.*, 125 Cal. 15, [57 Pac. 667] ) ; also as to an appeal from the judgment when taken too late. (*Hunter* v. *Milam*, 133 Cal. 601, [65 Pac. 1079] ; *Michelson* v. *Fish*, 1 Cal. App. 116, [81 Pac. 661].)

The appeal is dismissed.

McLaughlin, J., and Buckles, J., concurred.