[S. F. No. 7482.   Department One.—October 8, 1917.]

## H. O. BECKLEY, Appellant, v. GASOLINE STEAMER "TOPO," etc., et al., Respondents.

NEGLIGENCE — INJURY TO MATE OF STEAMER — FINDING—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—In this action for damages for personal injuries sustained by the mate of a steamer while preparing to fasten a boom to a mast, it is held that the evidence supports the finding that the injury was caused by his contributory negligence.

ID.—CONFLICT IN FINDINGS — REVIEW ON APPEAL.—The point that the findings are contradictory and conflicting, and that for that reason they do not support the judgment, cannot be raised on appeal from an order denying a new trial, but only upon an appeal from the judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

H. W. Hutton, and Edward Lande, for Appellant.

Wright, Wright & Stetson, for Respondents.

SHAW, J.—The plaintiff has appealed from an order denying his motion for a new trial.

The object of the action was to recover damages sustained by the plaintiff from a personal injury alleged to have been caused by the negligence of the defendants. The answers alleged facts showing that the plaintiff was himself guilty of

negligence, and that his injury was at least proximately caused by his own negligence. They also alleged directly that the injury was caused in part by the contributory negligence of the plaintiff. The court below found in favor of the defendant upon the issue of contributory negligence, and rendered judgment accordingly.

The plaintiff was the mate of the steamer "Topo," employed as such by its owners, the Bay Development Company. The vessel was not yet completed by the builders, but was ready for its trial trip, and the owner was in charge for that purpose. Upon the deck, lengthwise of the vessel, lay a boom, a timber fifty-seven feet long, weighing about one thousand eight hundred pounds. The forward end rested upon the forecastle, and the after end upon a plank extending across the vessel from side to side, each end resting upon the side rail of the vessel, and supported in the middle upon a bulkhead. The plank was about four and a half feet above the deck of the vessel. The plaintiff was engaged in preparing to fasten this boom to the ·mast. The after end of the boom lay about the middle of the vessel, and it was necessary that it should be moved over near to the rail on one side thereof. The plaintiff and three other men at his command undertook to slide the boom along the plank to the side of the vessel. The boom, being very heavy, did not slide along the plank easily, and the friction was so great that it carried the plank with it, until one end slipped off the supporting rail at one side and off the bulkhead in the center, causing the boom to fall upon the plaintiff, whereby he was injured in. the manner complained of. The day before the accident plaintiff was on the vessel, and his attention was called to the fact that the plank should be fastened so that it would not slip. For that purpose the builders bored two holes through the plank, one on each end, just inside the rail of the vessel, so that a bolt could be slipped through the hole and project down through the plank below the tops of the respective railings, and thus prevent the plank from slipping in either direction. After boring the holes, the bolts to be slipped through them were procured and laid upon the deck of the vessel, ready for insertion in the holes at any time. This occurred the day before the injury. The plaintiff knew of this preparation, but, so far as appears, he was not informed that the bolts had not been inserted in the holes, or that they lay

upon the deck of the vessel ready to be so inserted. He testified, however, that he knew that the plank should be in some manner fastened so as to prevent its slipping from side to side. The evidence shows that when they began pushing the boom toward one side of the vessel, one of the men assisting the plaintiff called to him that the plank was slipping, to which plaintiff paid no attention. Another push was given to the boom, and the man again called to him that the plank was slipping, and to this also he paid no attention, but proceeded to push a third and fourth time, with the result that the plank slipped off the railing and his injury resulted. That this evidence supports the finding of the court that the plaintiff's injury was caused by his contributory negligence is a proposition that is so obvious that argument is unnecessary. The order denying the new trial is sufficiently supported by this finding. Inasmuch as the plaintiff's injury was caused by his own negligence contributing thereto, he is not entitled to recover of the defendants, although they also may have been negligent in the matter either of furnishing a safe place for the plaintiff to work, or of seeing that the appliances furnished him were suitable and proper for that purpose, and in a safe condition for use.

Plaintiff also argues that the findings are contradictory and conflicting, and that for that reason they do not support the judgment. This is a question that can be raised only upon an appeal upon the judgment. It cannot be decided upon appeal from an order denying a new trial. (*Hunter* v. *Milam,* 133 Cal. 601, [65 Pac. 1079]; *Durfee* v. *Seale,* 139 Cal. 603, [73 Pac. 435]; *Holmes* v. *Warren,* 145 Cal. 457, [78 Pac. 954]; *Green* v. *Duvergey,* 146 Cal. 384, [80 Pac. 234].)

The appellant also contends that other findings are not supported by the evidence. We find it unnecessary to consider these questions, for if the finding above mentioned is sustained, as it unquestionably is, there could be no recovery by the plaintiff in any event.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.