## FLANDERS, AS TRUSTEE OF COLEMAN, *v.* COLEMAN.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 419.  Argued April 14, 15, 1919.—Decided June 2, 1919.

In a suit by a trustee in bankruptcy to set aside preferences and transfers, the jurisdiction of the District Court depends upon the allegations of the bill and not on the proof in support of them; and, where the bill makes a substantial case within the jurisdiction, the court must determine the merits.  P. 227.

Under the Bankruptcy Act, as amended in 1903 and 1910, the District Court has jurisdiction of a suit brought by the trustee against a third party without his consent, to set aside preferences, under § 60b, and transfers under §§ 67e and 70e.  *Id.*

Whether an alleged surrender of real property and delivery of rent notes amounted to conveyances under the state law, *held* matters appertaining to the merits and not to be considered on direct appeal under § 238 of the Judicial Code.  P. 229.

249 Fed. Rep. 757, reversed.

THE case is stated in the opinion.

*Mr. Frederick T. Saussy,* with whom *Mr. A. S. Bradley* was on the briefs, for appellant.

*Mr. F. H. Saffold* for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here (Judicial Code, § 238) solely upon a question of the jurisdiction of the District Court of the United States for the Southern District of Georgia to entertain the suit brought by R. A. Flanders, as Trustee in Bankruptcy of M. C. Coleman, against E. J. Coleman.

Omitting unnecessary parts, the bills avers: That the. jurisdiction of the court is invoked under §§ 60b, 67e and 70e of the Bankruptcy Act, as amended. That in 1902 the said E. J. Coleman, the father of M. C. Coleman, owned a tract of land containing 377 acres in the State of Georgia, and placed his son, M. C. Coleman, the bankrupt, in possession thereof, expressing the intention to give the land to his son. M. C. Coleman cleared the land, moved on the same and lived thereon for a period of at least twelve years, and placed valuable improvements thereon. That M. C. Coleman rented as landlord said 377 acres to Dan Davis, rent notes of $1,000 each for the same being taken in the name of M. C. Coleman, payable on October 1st, 1914, 1915, 1913, 1917, 1918, respectively. That M. C. Coleman collected the note maturing October 1, 1914, and that he became insolvent on December 1, 1914, and ever since that date, up to the time petition was filed, was insolvent within the meaning and intent of the Bankruptcy Act. That while so insolvent, in January or February, 1915, M. C. Coleman turned over to E. J. Coleman four of said rent notes of the value of $4,000, with the intent to hinder, delay, and defraud his creditors. That if the conveyance of the said rent notes was not made with the purpose to hinder, delay and defraud creditors, the transfer had the effect to create a preference in favor of E. J. Coleman, in that when the same was made M. C. Coleman was insolvent, and the collection thereof would enable E. J. Coleman to obtain a greater percentage of any indebtedness claimed to be owing to him by M. C. Coleman, than any other of such creditors of M. C. Coleman, of the same class. That said transfer was within four months from the filing of the petition in bankruptcy, the bankrupt was insolvent, and the transfer operated as a preference, and E. J. Coleman at the time of receiving the same had reasonable cause to believe that the same would effect a preference. That M. C. Coleman, up to December 1,

1914, had a good title to the said 377 acres of land, although it does not appear that a deed had ever been delivered from E. J. Coleman to M. C. Coleman. That E. J. Coleman placed M. C. Coleman in possession of the said land with the intention to give it to him, and the latter held possession of it as his own, and made improvements on it of great value, and dealt with the land as his own for the purpose of obtaining credit, and from said long possession the title to the land became vested in M. C. Coleman. That at the time of the transfer of the rent notes to E. J. Coleman the legal title or right to the land was completely vested in M. C. Coleman as if he had obtained a deed from E. J. Coleman. The complaint adds a description of the improvements, a house, etc., adding, it is averred, $6,400 to the value of the premises. That M. C. Coleman, by agreeing with E. J. Coleman to relinquish his rights and title to the real estate and improvements, in the year 1915, did so with intent to hinder, delay and defraud his creditors. The petition prays that the transfer of the four rent notes be declared void as being made with the intent to hinder, delay and defraud the creditors of M. C. Coleman. That the transfer of the notes be declared to be a preference, should the court hold or find that there is any indebtedness owing to E. J. Coleman by M. C. Coleman. That the notes collected by E. J. Coleman be accounted for. That any of said notes which may not have been collected, be decreed to be surrendered to petitioner. That the 377 acres of land be declared to be the property of the petitioner as trustee in bankruptcy for the purpose of applying the same to the credit of the creditors of the bankrupt. That in the event that the court should hold that the complainant should not have and receive the relief prayed for because of any defect in complainant's claim of title, that he be declared as such trustee to have an equitable lien or charge on the said land, at least to the extent of the value of the improvements. That the said

E. J. Coleman be required to specifically perform his promise and agreement to convey title to the land to M. C. Coleman, and the title be made in the petitioner's name as trustee for the benefit of the creditors of the bankrupt. Afterwards the complainant filed an amendment to the bill in which it was alleged: That within the period of four months immediately preceding the filing of the bankruptcy proceedings by M. C. Coleman, to wit: in January, 1915, while insolvent, and with intent to hinder, delay and defraud his creditors, the said M. C. Coleman, who then held the title to the above described real estate, fraudulently disclaimed such title, and surrendered possession thereof to E. J. Coleman, and thereby fraudulently transferred his rights, title, interests and equity in said real estate to E. J. Coleman, and transferred said rent notes with the purpose and intent to make the tenant the tenant of the respondent, and as such he has attorned.

An answer was filed taking issue upon the allegations of the bill as to fraudulent transfers and conveyance, and making other allegations unnecessary to set out in detail. The cause was referred to a master, who took the evidence, and found that the District Court had jurisdiction, and that there was a fraudulent transfer, and advised a judgment in favor of the trustee. After considering the report of the master, the District Court made a final decree, finding: That, assuming, for the purpose of the consideration of the question of jurisdiction, the testimony submitted by the complainant to be true, the court was without jurisdiction to make a decision on the merits of the controversy. And it was ordered and directed that the bill of complaint be dismissed without prejudice of the petitioner's right to maintain his action in a state court. The District Court also made a certificate stating: That the decree of dismissal was based solely upon the ground that the court was of opinion that it had no jurisdiction to

grant any relief to the complainant, that, in reaching this determination, the court had considered the evidence of the complainant, assuming it to be true for that purpose, only, and that it did not show such a transfer within the meaning of the laws of Congress relating to bankruptcy as would give the court jurisdiction of the proceedings.

Whether the District Court has jurisdiction to grant any relief must be determined upon a consideration of the allegations of the bill and the amendment thereto. If there be enough of substance in them to require the court to hear and determine the cause, then jurisdiction should have been entertained. Looking to the allegations of the bill and the amendment, as we have stated them, it appears that the trustee invoked the aid of § 60b of the Bankruptcy Act, 32 Stat. 799, relating to preferential transfers made within four months · before the filing of the petition in bankruptcy, also § 67e, 30 Stat. 564, making fraudulent transfers within four months null and void, except as to persons acting in good faith, or for a present, fair consideration, and of § 70e of the act, 30 Stat. 566, providing that the trustee may avoid any transfer of the bankrupt's property that any creditor might have avoided, and may recover the property, so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder prior to the adjudication.

Since the amendments to the Bankruptcy Act of 1903 and 1910 (32 Stat. 797; 36 Stat. 838) the District Courts of the United States are given concurrent jurisdiction with the state courts to set aside preferences under § 60b of the act, and fraudulent transfers within four months prior to the filing of the petition, under § 67e of the act, and transfers under § 70e making void any transfer by the bankrupt of his property which any creditor might have avoided, and giving the trustee the right to recover the same. See *Stellwagen* v. *Clum*, 245 U. S. 605, 614; *Collett* v. *Adams*, 249 U. S. 545.

The opinion of the District Court, as set forth in the record, shows that its conclusion that there was no jurisdiction was based upon a consideration of the evidence, from which it was found that no preference was shown under § 60b, nor any fraudulent transfer under §§ 67e or 70e. To justify its conclusion that it was without jurisdiction the district judge cites certain decisions of this court: *Bardes* v. *Hawarden Bank,* 178 U. S. 524, in which this court held that under § 23 of the Bankruptcy Act the District Court could by the consent of the defendant, and not otherwise, entertain suits by the trustee against third persons to recover property conveyed by the bankrupt before the institution of the bankruptcy proceedings. It is sufficient to say of that case that it was decided under the terms of the act before the amendments of 1903 and 1910, respectively, to which we have referred, and which give concurrent jurisdiction to the state and federal courts. The District Court also cited *Harris* v. *First National Bank of Mt. Pleasant,* 216 U. S. 382, wherein no transfer of the bankrupt's property was alleged in the petition. The suit was one by the trustee to recover securities of the bankrupt, alleged to be held by the bank for the security of an overdraft which, it was averred, had been paid; and also to recover certain notes alleged to have been paid by the bankrupt.

The opinion of the District Court shows that it really considered the merits of the case in reaching the conclusion that it was without jurisdiction. As this court has not infrequently said, jurisdiction must be determined not upon the conclusion on the merits of the action, but upon consideration of the grounds upon which federal jurisdiction is invoked.

Much of the brief of counsel is taken up with a discussion as to whether the alleged transfers amount to a conveyance under the Georgia statutes and decisions. This discussion is pertinent to the merits, our sole inquiry

concerns the jurisdiction of the court. We are of opinion that there was enough alleged to properly invoke jurisdiction, and that the charges of fraudulent transfers of the rent notes, and of interests in real estate, were sufficiently made to bring the action within the jurisdiction of the District Court under the provisions of the Bankruptcy Act. In this view the judgment of the District Court dismissing the action for want of jurisdiction is

*Reversed.*