BRAINERD, SHALER & HALL QUARRY COMPANY *v.* BRICE, AS SOLE SURVIVING EXECUTOR OF VAN SCHAICK, ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 431.   Submitted March 17, 1919.—Decided June 2, 1919.

The allegations of the complaint determine the character of an action for the purpose of testing the jurisdiction of the District Court to entertain it. P. 231.

The life tenant of a fund, to secure the remaindermen, executed, with surety, a bond running to them, their executors, administrators and assigns, and conditioned for the preservation of the fund by him and payment to them upon his death. One of them assigned part of his remainder interest to a third person, who, after the death of the life tenant, brought an action on the bond against the life tenant's executor and the surety jointly, to recover in the amount of the assigned remainder interest. *Held,* that the assignment of the remainder interest carried with it *pro tanto* the obligation of the bond; and that the action was one prosecuted by an assignee to recover on a chose in action, not cognizable by the District Court, where the assignor and the defendants were citizens of the same State. Jud. Code, § 24. P. 233. *Brown* v. *Fletcher,* 235 U. S. 589, distinguished.

Affirmed.

THE case is stated in the opinion.

*Mr. Edwin D. Worcester* for plaintiff in error.

*Mr. Bronson Winthrop* for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

The Quarry Company brought an action at law in the District Court of the United States for the Southern District of New York to recover $20,000 and interest from Wilson B. Brice as executor of Henry Van Schaick, deceased, and the American Surety Company. Answers were filed and the case was at issue, and came on for trial, when, upon motion of the defendants, the action was dismissed for want of jurisdiction. The only question here concerns the correctness of this ruling of the District Court. The ground of the dismissal is thus stated in the record:

"In this cause, I hereby certify that this writ of error is allowed solely, and that the order herein dismissing the complaint was based solely, on the ground that no jurisdiction of the District Court existed; that this question has been determined by me on the following grounds:

"This action is brought on a surety bond made by one Henry Van Schaick (since deceased) as principal, and the defendant The American Surety Company of New York, as surety, for the purpose of securing the due payment, at Henry Van Schaick's death, of the remainder-interests in a certain fund of money held by Henry Van Schaick as life tenant; that one Eugene Van Schaick (since deceased) was at the time of the assignment below mentioned the owner of one of the remainder-interests secured by said bond; that Eugene Van Schaick, during the continuance of the life-estate, assigned to the plaintiff a portion of his said remainder-interest, and thereafter survived the said

Henry Van Schaick, and this action is based on such assignment; that Eugene Van Schaick was in his life time a citizen and resident of the State of New York and both of the defendants are citizens and residents of the State of New York; that this suit could not have been prosecuted in this Court upon said remainder-interest and said bond if no such assignment had been made."

Section 24 of the Judicial Code, among other things, provides:

"No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

To determine the character of the action for the purposes of jurisdiction recourse must be had to the allegations of the complaint. They are quite voluminous, but for our purposes may be summed up as stating: The plaintiff is a corporation of the State of Connecticut, the defendant, the American Surety Company, is a corporation of the State of New York. The defendant, Wilson B. Brice, is a resident and citizen of the State of New York. (It was conceded for the purposes of the motion that Eugene Van Schaick was a citizen of New York.) Jane C. Van Schaick died May 20, 1893, seized of certain real estate in the State of New York. By her last will and testament she gave one-half of her real estate to Henry Van Schaick of New York during his life, with remainder to his descendants who should be living at the time of his decease and living also at the time of the testatrix' decease, if she should survive him. The will was duly probated on June 28, 1893. Henry Van Schaick survived the testatrix, and had living children, one of whom was Eugene

Van Schaick. The complaint then recites certain conveyances, and the prosecution of a partition suit, the decree in which was, by order of the court, considered upon the motion to dismiss. In that suit it was adjudged that Henry Van Schaick had an estate as tenant for life in one-half of the said real estate, that among others Sarah Van Schaick, wife of Eugene Van Schaick, had an estate in remainder in the land to commence in possession upon the death of Henry Van Schaick. It being found that the land could not be divided, it was ordered sold. The sale for $134,369.74 is recited. One-half of the proceeds $67,184.87, was found to belong to Henry Van Schaick for life, at his death to vest in such descendants of Henry Van Schaick as should be then living, or in such persons as should then be the legal owners of said shares. The decree provided that the fund might be paid to Henry Van Schaick upon his giving security to the remaindermen, and provision was made for giving the bond now sued upon. Henry Van Schaick as principal and the American Surety Company then executed the bond in the sum of $75,000. The obligees of the bond were the descendants of Henry Van Schaick living at the time of his death, the amount to be paid to them, their executors, administrators or assigns. The condition of the bond was that Henry Van Schaick during his lifetime should safely keep and preserve said principal sum, and the same should be paid over to his descendants as provided in the decree. Eugene Van Schaick acquired the interest which had been assigned to his wife. On May 9, 1901, Eugene Van Schaick assigned to the Quarry Company the sum of $20,000, to be paid out of his remainder interest. Henry Van Schaick died on November 15, 1914, leaving Eugene Van Schaick and others surviving him. Eugene Van Schaick died on January 27, 1916. Henry Van Schaick did not keep and preserve the principal of said $67,184.87, the same was not paid as provided in the decree, but was lost by said Henry

Van Schaick. The complaint avers demand of the $20,000 and interest, and prays judgment against the defendants.

The action thus appears to have been brought upon the assignment of Eugene Van Schaick, a citizen of New York, to the plaintiff, a corporation of Connecticut, against defendants, who were residents and citizens of New York. Eugene Van Schaick could not have maintained the suit in the federal court, being himself a citizen and resident of New York. This suit was an action at law upon the bond. It was against both the executor and the surety company. The surety company was liable at law only upon the bond. The complaint, fairly considered, shows that such was the real nature of the suit. It contained but a single cause of action, and prayed for joint judgment against the executor of Henry Van Schaick and the surety company. Henry Van Schaick was liable to Eugene Van Schaick upon the bond. Eugene Van Schaick assigned that obligation to the plaintiff to the extent of $20,000. That assignment carried with it the obligation of the surety company given to secure the faithful performance of the duty required of Henry Van Schaick. *George* v. *Tate*, 102 U. S. 564, 571.

The defenses, if any, of the surety company against the claim in the hands of Eugene Van Schaick could have been urged against the plaintiff. We think the plaintiff was an assignee within the meaning of § 24, without formal assignment of the bond. *Shoecraft* v. *Bloxham*, 124 U. S. 730; *Plant Investment Co.* v. *Jacksonville, Tampa & Key West Ry. Co.*, 152 U. S. 71.

*Brown* v. *Fletcher*, 235 U. S. 589, is an entirely different suit from the one now under consideration. In that action there was an assignment of an interest in a trust estate by the beneficiary, who was a resident and citizen of New York, to the complainants who were residents and citizens of Pennsylvania, and suit was brought in the District Court of the United States for the Southern District of

New York, the defendants being residents and citizens of New York. It was held that the suit to recover this interest in a trust estate was not a suit by an assignee within the meaning of § 24 of the Judicial Code. That suit, this court held, was not a suit upon a chose in action, but was one to recover upon the conveyance of an alienable interest acquired from the owner in a trust estate. Such interests might be sued for in the federal courts when the requisite amount and diversity of citizenship exist. 235 U. S. 598, 599. But here the case is different; the suit was upon the bond, the right to recover arising from the assignment of the interest of Eugene Van Schaick in the fund in the hands of Henry Van Schaick. It was not a suit to recover the interest of Eugene Van Schaick in the estate because of the wrongful conversion thereof by Henry Van Schaick. To such a suit the surety company would not be a proper party. It was, as we have stated, an action upon a single cause of action against the executor of the principal and the surety upon the contract evidenced by the bond. The right to such action was derived by assignment from Eugene Van Schaick, a citizen and resident of New York, and, as he could not have sued in the federal court, his assignee, the plaintiff, could not by reason of § 24 of the Judicial Code.

*Affirmed.*