## SCHAINMAN v. DEAN.

Circuit Court of Appeals, Ninth Circuit. February 20, 1928.

Rehearing Denied March 26, 1928.

No. 5243.

1. **Bankruptcy ⟨⟩287(2, 3)—Trustee, avoiding transfer violating state Bulk Sales Act, may sue in law or equity and for property or conversion (Bankr. Act, § 70e [11 USCA § 110]; Civ. Code Cal. § 3440).**

Under Bankruptcy Act, § 70e (11 USCA § 110), authorizing trustee to avoid such transfers of bankrupt's property as any creditor might have avoided, and to recover the property so transferred, or its value, from transferee, it is optional with trustee, seeking to set aside transfer of bankrupt's stock of goods for failure to comply with state Bulk Sales Act (Civ. Code Cal. § 3440), whether to proceed at law or in equity, and whether to pursue the goods or sue for their value, or for their conversion.

2. **Bankruptcy ⟨⟩296—Jurisdiction of bankruptcy and state court is concurrent.**

In bankruptcy, trustee's suit, based on violation of bulk sales law and bankruptcy court has concurrent jurisdiction with state courts.

3. **Bankruptcy ⟨⟩303(5)—Finding that sale of $4,000 worth of merchandise was "substantial part" of $20,000 to $25,000 stock, within Bulk Sales Act, held warranted (Civ. Code Cal. § 3440).**

Finding that bankrupt's sale of merchandise worth $4,000, out of a total stock of goods valued at from $20,000 to $25,000, involved a "substantial part of the stock in trade," within Bulk Sales Law* (Civ. Code Cal. § 3440), declaring that sale of stock of merchandise or substantial part thereof without recording a notice thereof in office of county recorder shall be conclusively presumed fraudulent and void as against vendor's existing creditors, held warranted, in view of fact that almost the entire stock was sold at about same time in same manner.

4. **Bankruptcy ⟨⟩290—Payment to certain creditors of proceeds of bankrupt's sale of goods is of itself no defense to trustee's action for goods or their value (Civ. Code Cal. § 3440; Bankr. Act, § 70e [11 USCA § 110]).**

Under Bulk Sales Act (Civ. Code Cal. § 3440), declaring that sale of stock of merchandise without recording notice thereof at least seven days before consummation of sale in county recorder's office, shall be conclusively presumed to be fraudulent and void as against vendor's existing creditors, fact that purchase money derived from such sale was paid to certain of bankrupt's creditors would of itself constitute no defense to trustee's action at law to recover the goods or their value, under Bankruptcy Act, § 70e (11 USCA § 110).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Action by W. E. Dean, as trustee of the estate of Isidore Lichtenberg, bankrupt, against Paul Schainman. Judgment for plaintiff, and defendant brings error. Affirmed.

Soren X. Christensen and J. C. Wood, both of San Francisco, Cal., for plaintiff in error.

G. J. Irwin and S. B. Russell, both of San Francisco, Cal., for defendant in error.

Before GILBERT, RUDKIN and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. Section 3440 of the Civil Code of California provides that

the sale, transfer, or assignment of a stock in trade, in bulk, or a substantial part thereof otherwise than in the ordinary course of trade, and in the regular and usual practice and method of business of the vendor, transferor, or assignor, and the sale, transfer, assignment, or mortgage of the fixtures or store equipment of a baker, cafe or restaurant owner, garage owner, machinist, or retail or wholesale merchant, will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor, transferor, assignor, or mortgagor, unless, at least seven days before the consummation of such sale, transfer, assignment, or mortgage, the vendor, transferor, assignor, or mortgagor, or the intended vendee, transferee, assignee, or mortgagee, shall record in the office of the county recorder in the county or counties in which the said stock in trade, fixtures, or equipment are situated, a notice of said intended sale, transfer, assignment, or mortgage, stating the name and address of the intended vendor, transferor, assignor, or mortgagor, and the name and address of the intended vendee, transferee, assignee, or mortgagee, and a general statement of the character of the merchandise or property intended to be sold, assigned, transferred, or mortgaged, and the date when and the place where the purchase price or consideration, if any there be, is to be paid.

The present action was brought by a trustee in bankruptcy of the vendor against one Schainman, the purchaser, to recover the value of certain goods transferred by the bankrupt prior to adjudication, without complying with the requirements of the foregoing statute. The action was tried by the court below without a jury, and the trustee recovered judgment for approximately $4,000. That judgment is now before us for review.

[1, 2] It is first contended that the court below was without jurisdiction for the reason that the action was brought to recover damages, and not to recover the property transferred, or its value. This contention cannot be sustained. Section 70e of the Bankruptcy Act (11 USCA § 110) provides that the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom transferred. Under this section it is optional with the trustee whether he shall proceed at law or in equity, and whether he shall pursue the goods, or sue for their value, or for their conversion.

"A trustee, seeking to set aside and annul a transfer of property, previously made by the bankrupt, alleged to have been fraudulent under the Bankruptcy Law, and as against creditors, may appropriately proceed by a bill in equity and will not be required to first seek his remedy at law." Brandenburg on Bankruptcy, § 1127.

"Whether a suit to set aside a fraudulent or preferential conveyance should be for goods or their value is optional, subject to the direction of the court, though, in a proper case it should be for the value instead of for the goods, especially if the transferee were a party to the fraud. The action may be for an accounting, or in assumpsit. The trustee may sue in trover for a conversion of the goods occurring either before or after bankruptcy, and in a declaration may join a count upon the bankrupt's title, and a count upon the trustee's title." Id. § 1124.

But whatever the form of action, or whatever the relief sought, the basis of the recovery is the goods or their value, and the bankruptcy court has concurrent jurisdiction with the courts of the state under the express provisions of section 70e. Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948; Brainard v. Cohn (C. C. A.) 8 F. (2d) 13.

[3] The next contention is that the sale did not embrace a substantial part of the stock in trade. It appears from the testimony that the value of the stock transferred was the amount of the judgment, or approximately $4,000. It further appears that the value of the entire stock in trade at the time of the transfer, or transfers, was from $20,000 to $25,000. It is manifest from the testimony that the sales were not made in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, and inasmuch as it appears that almost the entire stock in trade was sold at or about the same time, in the same manner, we think the court below was warranted in finding that the sale did involve a substantial part of the stock in trade, and came within the purview of the statute.

[4] It appeared incidentally at the trial that the purchase money derived from the sale of the goods was paid to certain creditors of the bankrupt, but this fact of itself would constitute no defense to an action at law for the recovery of the goods, or their value. If the transaction was free from actual fraud, or fraud in fact on the part of the purchaser, it may be that this disposition of the purchase money would entitle him to some re-

lief under proper pleadings; but even this is questionable. The statute declares in express terms that a sale made without giving the requisite notice is conclusively presumed to be fraudulent and void as against the existing creditors of the vendor, and, as said by the court in Calkins v. Howard, 2 Cal. App. 233–236, 83 P. 280, 281: "This presumption is incontrovertible. 'Where the law makes a certain fact a conclusive presumption, evidence will not be received to the contrary.'" And if, as against the purchaser, the transfer is conclusively presumed to be fraudulent, neither law nor equity will relieve him from the consequences of his acts.

The judgment is affirmed.