## BARCELOUX v. BUFFUM et al.

### No. 6327.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1931.

Stephen W. Downey and Downey, Brand & Seymour, all of Sacramento, Cal., for appellant.

Devlin & Devlin & Diepenbrock, Robt. T. Devlin, Wm. H. Devlin, Arthur C. Devlin, A. I. Diepenbrock, and Horace B. Wulff, all of Sacramento, Cal., and George R. Freeman, of Willows, Cal., for appellees.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Appellant petitioned for leave to intervene in a suit brought by respondent Buffum, as trustee in bankruptcy, against Peter Barceloux Company, a corporation, and George R. Freeman, as administrator of the estate of Frank Freeman, deceased. Her petition was denied, and she has appealed from the order dismissing her petition for leave to intervene.

The action was brought by the trustee in bankruptcy to set aside an alleged fraudulent conveyance by the bankrupt to Peter Barceloux Company, purporting to have been given to secure an indebtedness due from the bankrupt to that company. The property so transferred consisted of 2,499 shares of the capital stock of the company, alleged to be worth $80,000, and shares of stock in certain other corporations, alleged to be worth $2,100. The trustee alleged that this property so fraudulently assigned was subsequently sold by the defendant corporation to George A. Barceloux, a brother of the bankrupt, for the sum of $36,341, and that such sale was part of a scheme to defraud creditors. The trustee alleged that the same stock in the respondent corporation had also been pledged to respondent George R. Freeman, administrator. He also alleged that the stock of the respondent company had no market value, and that in order to ascertain the actual value of the stock it was necessary to have the assistance of the court in examining into the affairs of the respondent corporation; and "that complainant is entitled to recover from defendant Peter Barceloux Company the excess, if any, over and above the amount, if any, found to be due and owing to said George R. Freeman upon the security of said transfer and assignment at the time of said sale and still remaining due and owing, and the value of all of said shares of stock at the time of said sale" (August 16, 1926). The relief prayed for by the trustee was that the court ascertain the amount of indebtedness due George R. Freeman, as administrator, secured by the transfer of stock in the respondent corporation; that the value of all the property transferred by the bankrupt to the respondent corporation be ascertained as of August 16, 1926; that "complainant have judgment against defendant, Peter Barceloux Company, for the value of all of said shares of stock at the time of said sale, to-wit, August 16, 1926, less such sum, if any, as may be found to be due or owing to George R. Freeman, as administrator of the estate of Frank Freeman, deceased, upon the security of said transfer and assignment at the time of said

sale and still remaining due or owing, together with interest thereon at the rate of 7 per cent. from said 16th day of August, 1926," and for general relief. The action was commenced April 3, 1928. Answers were filed, the case was tried, and on July 29, 1929, an opinion was filed by the trial court. In this opinion the court discussed the evidence and indicated its conclusions in favor of the trustee, and ordered an interlocutory decree to the effect that the plaintiff have judgment for the highest value of the property fraudulently transferred between the time of the transfer and the time of an audit authorized by the decree. This decision was apparently based upon section 3336 of the California Civil Code, which provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"First. The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"Second. A fair compensation for the time and money properly expended in pursuit of the property."

In an opinion by Judge Rudkin, in Schainman v. Dean, 24 F.(2d) 475, 476, this court, in considering section 70e of the Bankruptcy Act, 11 USCA § 110 (e) said:

"Under this section it is optional with the trustee whether he shall proceed at law or in equity, and whether he shall pursue the goods, or sue for their value, or for their conversion. * * *

"Whatever the form of action, or whatever the relief sought, the basis of the recovery is the goods or their value, and the bankruptcy court has concurrent jurisdiction with the courts of the state under the express provisions of section 70e. Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948; Brainard v. Cohn (C. C. A.) 8 F.(2d) 13."

In its opinion [51 F.(2d) 80] the trial court also said: " * * * following the local law, no part of the proceeds will be devoted to any defendants' claims against the bankrupt, until all his creditors existing at the time of the void transfers are paid in full."

This was followed by an interlocutory decree, dated August 5, 1929, filed August 8, 1929, decreeing that the trustee in bankrupt-

cy recover from the respondent corporation a sum equal to the aggregate highest value of the property therein described, viz., that alleged to have been fraudulently transferred, and ordering that an auditor be appointed to examine into the affairs of the corporation for the purpose of ascertaining the highest aggregate value of said property and stocks, and also providing that the court should retain jurisdiction until the report of the auditor was made and approved and final decree rendered. It is further provided that no part of the moneys that may be collected by the trustee pursuant to the decree should be devoted to the payment of any of the claims of the defendant corporation against the bankrupt, until all claims of other creditors of the bankrupt existing on August 16, 1926, and expenses in the bankruptcy proceedings, be paid in full.

On May 8, 1930, in accordance with the terms of the interlocutory decree, the auditor made a report fixing the value of the property at $106,409.44, and recommended that a decree be entered for that sum in favor of the trustee in bankruptcy. Thereafter, and while the hearing on the report of the auditor was pending before the court a petition for leave to intervene was filed by the appellant. This petition was accompanied by the proposed answer of the intervener. It appears from the petition of the appellant that she is the widow of Peter Barceloux, who died December 14, 1918; that in 1912 the appellant and her husband organized the respondent corporation and conveyed to it some 2,000 acres of real estate and other property, which property, with part of its increment, now constitutes the assets of the respondent corporation; that at the time of making said transfer the corporation executed a written agreement wherein it undertook to pay to appellant and her husband, and to the survivor of them, the entire income from the property so transferred, less necessary expenditures incurred by the corporation in the management of the property. It also stipulated in that agreement that, in the event any of such income was not paid to said parties, the income so retained should become the property of the company. The entire capital stock of the company was issued to the appellant and her husband and was by them transferred one-fourth to each of their three children and one-fourth to their two grandchildren by a deceased child. In this manner Henry Joseph Barceloux, the bankrupt, received one-fourth of the capital stock of the respondent corporation which is involved in this action. The three children of the appellant and the two grandchildren constitute the board of directors of the corporation. It is not claimed by the appellant that the children and grandchildren have failed in any respect in asserting the rights of respondent corporation or that they do not intend to assert those rights. Evidently the appellant has been fully advised at all times of the nature of these proceedings and the progress thereof. It was not until the report of the auditor indicated that there would be a money judgment against the respondent corporation for approximately $106,000, and that the claim of the respondent corporation against the bankrupt for a debt would be subordinated to the rights of other creditors, that she sought to intervene.

Appellant predicates her right to intervene solely upon the ground that by the enforcement of so large a judgment against the corporation her claim would be jeopardized.

It is asserted on appeal that we must assume the truth of the allegation that the respondent corporation would be rendered insolvent by the entry of the proposed judgment. But this allegation must be considered in connection with the proceedings which indicate that the court has found the fact to be that the value of the property owned by the corporation is approximately $400,000, and that the indebtedness, other than that involved in this action, is comparatively small. Appellant's allegation of insolvency is evidently based on the theory that at a sheriff's sale the property of the corporation might not produce a sufficient amount to pay all its indebtedness in full. At the time of the filing of appellant's petition for intervention the decree foreshadowed by the interlocutory decree and the finding of the auditor was a simple money judgment against respondent corporation for conversion of personal property belonging to the bankrupt, and also holding that the claim of the corporation against the bankrupt was to be deferred to the payments of other claims as indicated in the interlocutory decree. Appellant claims that the interlocutory decree goes beyond the prayer of the trustee's bill, in that the court instead of fixing the value of the property involved on August 16, 1926, as prayed, directed that the highest value of the property be ascertained as the basis for the final decree. Appellant also objects for the same reason to that feature of the decree which defers the claim of the corporation against the bankrupt until other creditors are paid.

■ If the appellant by reason of the contract of herself and her husband with the de-

fendant corporation retains a life interest or any interest whatever, in the property of the corporation, any sale of property of the corporation would, of course, be subject to this claim, and the purchaser would take it with that burden. She could not be injured by a sale of property of the corporation, subject to her right to the income derived therefrom. On the other hand, if her claim to the income of the property, or to an amount equal thereto, merely constitutes her a general creditor of the corporation, her right to intervene depends upon the right of a general creditor of a corporation to intervene in an action brought by another general creditor to obtain a money judgment, at law or in equity, where it is believed and claimed that the liquidation of the indebtedness due the creditor bringing the suit will render the defendant debtor a bankrupt. No case going this far has been cited or discovered. Where a debtor is acting in good faith in making his defense to a creditor's action against him, there is no occasion for, or right of, intervention by another general creditor. Caldwell v. Guardian Trust Co. (C. C. A.) 26 F.(2d) 218. It is sufficient for the purpose of this appeal to say that the case presented is not one where there is an absolute right of intervention, but one resting in the sound discretion of the trial court, and such discretion cannot be reviewed on appeal from an order denying the right to intervene. Richfield Oil Co. v. Western Machinery Co. (C. C. A.) 279 F. 852, 855; O'Connell v. Pac. Gas & Elec. Co. (C. C. A.) 19 F.(2d) 460, 461; Merriam v. Bryan (C. C. A.) 36 F.(2d) 578, 579.

Appellant freely admits that where the right to intervene rests in the sound discretion of the court, an appeal from a denial of a petition to intervene cannot be maintained, but predicates her right to intervene upon the assumption that she is interested in a fund being administered by the trial court, and for that reason comes within equity rule 37. She does not, however, point out what fund it is that is being administered by the court in which she claims such an interest, and in fact no fund is to be administered by the court. It is said in her brief: "Her interest is the preservation of the property in which she claims an interest amounting to a life estate. The corporation's interest in the suit is not therefore a representative one in which appellant's interest can also be protected." But the property in which she claims a life estate is not involved in the action at all. It may be sold on an execution to enforce the decree herein, but, as we have already pointed out, if she has a life interest in the property in the possession of the respondent corporation that interest cannot be affected by such sale.

We are not concerned on this appeal from the dismissal of the petition for intervention with the question of whether or not the trial court committed error in fixing the value of the property alleged to have been converted, or in entering judgment therefor, or in subordinating the claims of the defendant corporation to others, but solely with the right of the appellant to intervene in this action to protect her own rights, as distinguished from the rights of the respondent corporation, which are being actually litigated in good faith by the respondent corporation, and can be considered upon an appeal from the judgment. The order of the trial court, being an exercise of a sound discretion committed to it by the law, is not appealable. The appeal should be dismissed. O'Connell v. Pac. Gas & Elec. Co., supra.

Appeal dismissed.

SAWTELLE, Circuit Judge, concurs.