## SEYMOUR v. EL CERRITO CORPORATION, Limited, et al.

District Court, S. D. California,
Central Division.

Aug. 21, 1934.

Raphael Dechter and Thomas S. Tobin, both of Los Angeles, Cal., for trustee.

William H. Neblett, of Los Angeles, Cal., for defendants.

HOLLZER, District Judge.

This suit was instituted by plaintiff, as trustee in bankruptcy of the estate of one Frazier McIntosh, for the purpose of recovering certain property on the ground that such property had been transferred by the bankrupt to the defendants without valuable consideration, with intent to hinder, delay, and defraud his creditors and in contemplation of insolvency. The bill of complaint further charged that the defendants knew that the transfer had been made under such circumstances. By an amendment to the bill of complaint, a correction was made in the description of the property sought to be recovered.

The cause being at issue, in the presence of counsel for the respective parties, the court announced it proposed to refer the cause for trial to one of the referees in bankruptcy as a special master. Counsel for the respective parties having led the court to believe that such reference was approved by all parties, the court signed an order referring said cause to such referee in bankruptcy as special master, after said order had been approved as to form by counsel for the defendants herein.

Thereafter, and without objection on the part of any of the parties herein, said cause was heard upon the merits before such referee sitting as a special master. Upon the conclusion of such hearing, the special master made his findings and conclusions, upholding the contentions of the plaintiff. Thereupon, the defendants entered various exceptions to such findings and conclusions, and upon a review therefrom claimed, for the first time, that such referee was disqualified from acting as

special master. Subsequently this court overruled the various exceptions and sustained the findings and conclusions of the special master. Defendants then petitioned for a rehearing and, pending decision on such petition, filed a motion to dismiss and challenge to the jurisdiction, claiming for the first time that this court had no jurisdiction to hear this cause. During the pendency of such petition and motions the court heard an application made by the plaintiff for the appointment of a receiver of the property involved herein. Upon the hearing of the latter application, considerable evidence was introduced, consisting of the testimony of various witnesses and documentary proof. Among the witnesses who testified at the hearing of such application were the bankrupt, the bankrupt's wife (one of the defendants herein), a Mr. Davis who had been employed from about February, 1931, until about the summer of 1932 as superintendent of the oil properties involved herein, and also Mr. Durnell, who succeeded Davis as such superintendent.

Thereafter counsel stipulated that a rehearing of this cause might be had before the court, also that for the purpose of such rehearing, all of the evidence introduced before the special master, and likewise all of the evidence introduced before this court on the recent application for the appointment of a receiver, together with two additional documents offered by the defendants upon such rehearing, might be deemed the evidence and the record upon which this cause should stand submitted. Pursuant to such stipulation, an order was made granting a rehearing, and directing that the cause stand submitted upon the evidence and record and the documents above mentioned.

In view of the stipulation consenting to a rehearing before the court, it becomes unnecessary to pass upon the objection to the effect that the referee in bankruptcy was disqualified from serving as special master in this cause.

The remaining objections raised by the defendants classify themselves under two headings. The first of these is the contention that this court has no jurisdiction to try the present proceeding. The second involves an attack upon the sufficiency of the evidence to sustain the allegations of the bill.

Turning our attention to the first point, we find that the defendants concede that the bill of complaint contains allegations sufficient to plead a cause of action under section 70e of the Bankruptcy Act (11 USCA § 110 (e). The defendants contend, however, that no evidence was offered tending to show an actual transfer which could be charged as fraudulent, except the deed from one Amy Kneeben to defendant El Cerrito Corporation under date of December 14, 1931, but this was subsequent to the filing of the petition in bankruptcy. Hence, it is claimed that the evidence disproves the jurisdictional allegations of the bill. The suit not being one brought under section 60b or section 67e of the Bankruptcy Act, 11 USCA §§ 96 (b), 107 (e), and there being no diversity of citizenship between the parties, the defendants accordingly insist that the court is without jurisdiction to hear the cause.

There are several reasons why this contention cannot be sustained. Section 23b of the Bankruptcy Act (11 USCA § 46 (b) provides: "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, *unless by consent of the proposed defendant,* except suits for the recovery of property under section 96, subdivision b, of this title; section 107, subdivision e, of this title; and section 110, subdivision c, of this title."

In order to give meaning to the expression "unless by consent of the proposed defendant," it must be held that this language imports that if the defendant expressly consents or fails to object to the jurisdiction where the suit is brought by the trustee in bankruptcy, the federal court has jurisdiction over the same.

There can be no doubt that under the Constitution (article 3, § 2) the federal courts, to the extent permitted by Congress, have jurisdiction over the general subject-matter of causes arising out of bankruptcy proceedings. See Toledo, etc., Co. v. Lyons (C. C. A.) 290 F. 637, 641.

As pointed out in the case cited, a trustee in bankruptcy acquires the right, and is charged with the duty, to bring in his own name any action to reduce to possession all of the bankrupt's property, and such an action is one "arising under the laws of the United States" of which the federal courts are given general jurisdiction by the Judicial Code. Likewise, where the Bankruptcy Act confers on a trustee the right to sue, such a suit arises under the act and is within the jurisdiction given to the federal courts by Judicial Code, § 24 (1), 28 USCA § 41 (1), subject to the limitations imposed on such jurisdiction by the act itself. Accordingly, the

court there decided that in a suit commenced by a trustee, the power given to a defendant by section 23b of the Bankruptcy Act to consent to the jurisdiction of a court is intended to give him the right to consent to federal, as distinguished from state, court jurisdiction.

To the same effect are the following cases: Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 473, 63 L. Ed. 948; In re Federal Contracting Co. (C. C. A.) 212 F. 688, affirmed in Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; Central, etc., Trust Co. v. Caldwell (C. C. A.) 58 F. (2d) 721, and Beeler v. Schumacher, 71 F. (2d) 831, decided by the Circuit Court of Appeals for the Sixth Circuit, June 29, 1934.

In Flanders v. Coleman, supra, the trustee in bankruptcy filed suit in the District Court (249 F. 757) to set aside certain preferences and transfers, the bill of complaint pleading a cause of action within section 70e. Upon reference to a special master, the latter found that a fraudulent transfer had been made and recommended judgment in favor of the trustee. Upon review of the special master's report, the District Court held that, considering the evidence of the plaintiff and assuming it to be true, the same did not establish such a transfer as would vest the court with jurisdiction over the proceeding and accordingly dismissed the suit. The District Court also made a certificate stating that the decree of dismissal was based solely upon the ground that the court was of opinion that it had no jurisdiction to grant any relief to the claimant. On appeal, the Supreme Court reversed this ruling, saying:

"Whether the District Court has jurisdiction to grant any relief must be determined upon a consideration of the allegations of the bill and the amendment thereto. If there be enough of substance in them to require the court to hear and determine the cause, then jurisdiction should have been entertained. Looking to the allegation of the bill and the amendment, as we have stated them, it appears that the trustee invoked the aid of section 60b of the Bankruptcy Act, 32 Stat. 799, * * * relating to preferential transfers made within four months before the filing of the petition in bankruptcy, also section 67e, 30 Stat. 564, * *, * making fraudulent transfers within four months null and void, except as to persons acting in good faith, or for a present, fair consideration, and of section 70e of the act, 30 Stat. 566, * * * providing that the trustee may avoid any transfer of the bankrupt's property that any creditor might have avoided, and may recover the property, so transferred, or its value,

from the person to whom it was transferred, unless he was a bona fide holder prior to the adjudication.

"Since the amendments to the Bankruptcy Act of 1903 and June 25, 1910 (32 Stat. 797; 36 Stat. 838, c. 412) the District Courts of the United States are given concurrent jurisdiction with the state courts to set aside preferences under section 60b of the act, and fraudulent transfers within four months prior to the filing of the petition, under section 67e of the act, and transfers under section 70e, making void any transfer by the bankrupt of his property which any creditor might have avoided, and giving the trustee the right to recover the same. See Stellwagen v. Clum, 245 U. S. 605, 614, 38 S. Ct. 215, 62 L. Ed. 507; Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764. * * *

"The opinion of the District Court shows that it really considered the merits of the case in reaching the conclusion that it was without jurisdiction. As this court has not infrequently said, jurisdiction must be determined not upon the conclusion on the merits of the action, but upon consideration of the grounds upon which federal jurisdiction is invoked. * * *

"We are of opinion that there was enough alleged to properly invoke jurisdiction, and that the charges of fraudulent transfers of the rent notes, and of interests in real estate, were sufficiently made to bring the action within the jurisdiction of the District Court under the provisions of the Bankruptcy Act. * * * *"

■ We conclude, therefore, that the case of Flanders v. Coleman establishes the principle that, when a trustee in bankruptcy pleads in good faith a case within section 70e and upon the trial seeks to prove such a cause of action, the federal court has jurisdiction over the proceeding, regardless of whether the evidence sustains the plaintiff's or the defendant's case. On the other hand, where the bill of complaint alleges a suit within section 70e, but at the trial the trustee relies upon an entirely different theory which would prove a cause of action not within that section, the false averment in the pleading will not suffice to vest the federal court with jurisdiction.

The case of Beeler v. Schumacher, supra, is another authority against the position taken here by the defendants. In the case last mentioned, a trustee in bankruptcy commenced a plenary suit on the equity side of the District Court to determine the respective rights to certain property between him-

self and a judgment creditor. The District Court dismissed the suit on the ground that, there being no diversity of citizenship, the court lacked jurisdiction. On appeal, the order of dismissal was reversed and the cause remanded to the trial court for a hearing upon the merits. In the course of its opinion, the Sixth Circuit Court of Appeals, in disposing of the question of jurisdiction, said:

"This involves consideration of section 23 of the Bankruptcy Act. * * * The meaning of this section was very thoroughly discussed by Judge Denison in Toledo Fence & Post Co. v. Lyons (C. C. A.) 290 F. 637, at page 644. *It was in that case the view of a majority of the court that except for this section the federal court would have jurisdiction of all suits by a trustee to recover debts due the bankrupt, as being suits arising under the laws of the United States. Section 23 puts a limitation upon that power, but there is an exception to the limitation. The exception relates to suits against parties who voluntarily appear and submit their rights to the court in a plenary suit by the trustee.* It was thought by the court that it would be unfortunate if such submission were held to be ineffective to permit defendants to voluntarily appear and submit their rights in the endeavor common to them and the trustee to get a speedy decision of all questions by one court.

"This is not to say, of course, that jurisdiction may be conferred upon federal courts by consent, either in respect to causes which fall without the constitutional grant of power or in respect to those which, being within such grant, fall without that field of constitutional judicial power which Congress has seen fit to occupy and confer upon the federal courts. *The consent here involved is that which operates to except certain cases from the restriction imposed by Congress in the above section to the general jurisdiction which the federal courts have of cases arising under the laws of the United States.*

"We come then to the question of consent in the instant case. When the trustee first filed his plenary suit, the defendant sheriff moved to dissolve the restraining order and to dismiss the suit on the ground, among others, that the court was without jurisdiction to entertain it. Eleven days later, however, the sheriff filed an answer whereby he expressly withdrew the motion to dissolve the temporary restraining order and the motion to dismiss the suit, entered his general appearance, and consented that the court might hear and determine all matters referred to in the petition therein. The very next day the sheriff asked leave to withdraw the answer. What disposition was made of the last motion the record does not disclose. It is to be assumed, however, that it was not pressed, since nothing was done until a month later, when upon a second motion to dissolve and dismiss the order now appealed from was entered. *We cannot doubt that under these circumstances, and under familiar rules, there was that consent to the jurisdiction of the court which operates as an exception to the limitation imposed by section 23, as interpreted in the Toledo Fence & Post Case. Certainly there was deliberation rather than inadvertence in the filing of the answer,* evidenced by the specific withdrawal of the first motion to dismiss, the entry of a general appearance, and the express submission of all controversy to disposition by the court." (Italicizing ours.)

Much stress is laid by defendants upon certain language found in the decision rendered by the Ninth Circuit Court of Appeals in the case of Matthew et al. v. Coppin, 32 F.(2d) 100, 101. In the latter case, referring to section 23b, the court said: "True, the statute says unless by the consent of the proposed defendant, but the consent referred to is a consent to the local jurisdiction only, as where a defendant in any other action in the federal court is sued in the wrong district. (Citing cases.) A defendant cannot confer jurisdiction upon a federal court by consent, unless jurisdiction is conferred by the general law."

However, an examination of the case of Matthew v. Coppin discloses that the bill of complaint consisted of two counts, and that the cause was tried upon the second count, which was an ordinary action upon a life insurance policy; there being no diversity of citizenship between the parties. While the suit was one instituted by a trustee in bankruptcy, nevertheless the second count alleged that there had been no transfer and that the property sought to be recovered at all times remained in the bankrupt. The decision of the trial court in favor of the trustee was based on the second cause of action alone. As declared by the court in that case: "Nearly all the testimony offered by the plaintiff tended to prove the second cause of action and to disprove the jurisdictional averment in the first cause of action." Continuing in another portion of its opinion the court added: "True, in this case there was an averment that it was a suit to set aside a fraudulent transfer, but the appellee disproved this averment; and jurisdiction cannot be conferred by a false allegation of fact."

879

In other words, in Matthew v. Coppin, the trustee did not rely upon, nor attempt to prove, a cause of action of which the federal courts have jurisdiction. Thus construed, that case may be reconciled with the decisions, including those of the United States Supreme Court, which hold that where the allegations of the bill bring the suit within section 60b, or section 67e, or section 70e, and where the plaintiff in good faith seeks to prove a case within the pleading, then a mere failure of proof will not defeat the jurisdiction of the federal court. On the other hand, where the trustee does not rely upon a cause of action arising under any one of these provisions, and there is no diversity of citizenship, the court is without jurisdiction. Only upon this theory can Matthew v. Coppin be harmonized with the decision of the United States Supreme Court in Flanders v. Coleman, supra.

In the present suit the record fails to disclose any situation comparable to that found in the case of Matthew v. Coppin. On the contrary, there can be no doubt that here the trustee in good faith has filed a bill of complaint which pleads a cause of action within section 70e. Likewise, here the trustee has attempted neither to plead, nor to prove, any different cause of action.

This brings us to a consideration of the remaining point, namely, the sufficiency of the evidence to establish a transfer or transfers by the bankrupt prior to the filing of the bankruptcy petition, so as to sustain jurisdiction under section 70e.

As previously noted, in passing upon this question we are to consider both the record of the hearing heretofore conducted before the special master and also the evidence presented to this court upon the application for the appointment of a receiver.

Among the witnesses who appeared before the court were the bankrupt, also his wife, and others who played more or less important roles in the operations conducted by the defendants. This combined record throws considerable light on the defendants' activities, particularly so far as they concern the transfers alleged in the bill of complaint as amended.

Such oral testimony and documentary proof show quite persuasively that the bankrupt caused to be organized, and thereafter, with the aid of his wife, has ever since controlled and dominated, the defendant corporations; that these corporations became his alter egoes; and that through such corporate devices, assisted by others who served as his dummies, the bankrupt has manipulated various transfers of the several properties involved herein, with the ultimate result that such properties were transferred by or on behalf of the bankrupt to the corporate defendants. The evasive, the shifty, and the contradictory answers given by the bankrupt, his wife, and their superintendent, Durnell, both in their testimony before the special master and before the court, all tend to confirm the conclusion just stated.

If, prior to the filing of the bankruptcy petition, there had been only one conveyance by the bankrupt to any one of these defendants as to a part only of the properties sought to be recovered herein, that would suffice to overcome defendants' challenge to the jurisdiction. However, the record discloses ample documentary proof of such transfers.

For example, Plaintiff's Exhibit No. 16, executed by the bankrupt to the defendant El Cerrito Land Company, and dated September 25, 1931, conveys certain of the properties described in the bill of complaint as amended.

Again, Plaintiff's Exhibit No. 2 consists of a resolution adopted by the board of directors of the defendant El Cerrito Corporation, Limited, under date of October 6, 1931, and which resolution recites that the bankrupt had made an offer to convey to said corporation various parcels of the properties involved in this litigation. The same resolution declares that this offer was accepted by the corporation. Such resolution, therefore, created a contract between the corporation and the bankrupt with respect to the transfer of the properties described therein. It is significant that the properties conveyed by said resolution are the identical properties which Amy Kneeben, the bankrupt's dummy, undertook to convey by her two deeds to the defendant El Cerrito Corporation under date of December 14, 1931, which was several days after the filing of the bankruptcy petition. In other words, by this resolution of October 6, 1931, or contract to convey the properties described therein, the bankrupt transferred an equitable interest in such properties to said corporate defendant before the filing of the petition in bankruptcy. Shortly thereafter, pursuant to such agreement, the bankrupt caused the legal title to be transferred to said defendant by means of the two deeds which his dummy executed in favor of said defendant.

Likewise it is clear that the purported contest interposed by the bankrupt and the defendant El Cerrito Land Company to the quiet title suit instituted by said Amy Kneeben in the superior court for Los Angeles county, wherein, under date of November 6,

880

1931, a decree was entered in favor of said Kneeben, quieting title to certain of the properties involved herein, was a sham and subterfuge. Shortly after the entry of such decree, said Kneeben conveyed the properties involved therein to the defendant El Cerrito Corporation, Limited. In other words, this suit was used by the bankrupt as an additional fraudulent, collusive device to hinder, delay, and defraud his creditors. Thus we have a further transfer prior to bankruptcy made to the bankrupt's dummy who subsequently reconveyed the same properties to one of the corporate defendants herein.

In Detroit Trust Co. v. Shantz (D. C.) 291 F. 915, a consent decree had been entered effecting a transfer of real property. The court there held that such transfer could be attacked by the trustee in an action to recover the property, although, of course, this was done collaterally.

The better rule appears to be that the trustee in bankruptcy may, in a separate action, raise such issue of the collusiveness of a judgment as effecting a transfer of property. This rule is particularly applicable to the decree entered in the quiet title suit brought in the name of Amy Kneeben.

Additional evidence of the bankrupt's manipulations effecting transfers of the property involved herein is to be found in the Plaintiff's Exhibits Nos. 14 and 15. The former is a conveyance from Harriet E. Wheeler to the bankrupt dated July 25, 1928, notarized before Ruth Golish (the bankrupt's secretary), and has never been recorded. Exhibit 15 is a deed from said Amy Kneeben to the bankrupt dated December 2, 1929, notarized before the same Ruth Golish, and likewise has never been recorded.

These two exhibits, when examined in connection with the testimony (see Reporter's Transcript, pp. 237–247), justify the conclusion that the bankrupt was the attorney in fact of said Harriet E. Wheeler; that the properties conveyed by Exhibit 15 were transferred by said Harriet E. Wheeler through the bankrupt as her attorney in fact to said Amy Kneeben under date of December 15, 1928, which latter deed was recorded and was received in evidence by way of reference to Exhibit N in the case of Leighton v. McIntosh, No. W–25–J; that at about the same time the bankrupt held an unrecorded deed to the same properties as set forth in the amendment to the bill of complaint, although the record title was placed in said Amy Kneeben, the bankrupt's dummy.

Accordingly, we hold that the evidence is sufficient to sustain the allegations of the bill of complaint as amended.

There is no merit in defendants' contention to the effect that, in plaintiff's points and authorities filed in opposition to the petition for a rehearing, the trustee's counsel have admitted that the only evidence of any transfer on the part of the bankrupt is the deed dated December 14, 1931, and thereby have stated themselves out of court. Fairly construed, the statement referred to simply meant that, accepting defendants' contention that the record was barren of any transfers, nevertheless the conveyance dated December 14, 1931, would be sufficient to entitle the trustee to recover in this proceeding.

For the foregoing reasons the plaintiff is entitled to the relief prayed for. An exception is allowed to the defendants.