**AMERICAN COOPERATIVE SERUM
ASS'N v. ANCHOR SERUM CO.
et al.**

No. 2081.

District Court, N. D. Illinois, E. D.

April 30, 1941.

Neal J. Huff, of Chicago, Ill., for plaintiff.

Ben Phillip, of St. Joseph, Mo., and Myers & Snerly, of Chicago, Ill., for defendant Anchor Serum Co.

WOODWARD, District Judge.

The Court is filing findings of fact and conclusions of law on the motion of defendant, Anchor Serum Company, filed October 14, 1940, to quash the summons, its service and return. The Court has entered an order pursuant to its findings and conclusions overruling the motion.

By its motion and by voluminous affidavits and typewritten arguments in support of its motion, the defendant, Anchor Serum Company, has challenged not only the summons, its service and return but has challenged and argued the merits of plaintiff's case. In fact, most of the affidavits and the argument of the defendant, Anchor Serum Company, relates to the merits and not to the very narrow question of whether or not the summons was properly issued, served and returned. The record in this case is very confusing. Motions and counter-motions to strike papers and documents filed have been made. The Court will not rule on the several motions to strike. From the affidavits and other papers on file the Court has considered only such facts are are pertinent to the motion to quash and has ignored all facts and arguments which go to the merits of the controversy.

■ In view of the scope of the motion to quash, the affidavits and arguments filed in support thereof, the Court would have been justified in treating the motion as a general appearance in the action. The Court would also have been justified in overruling pro forma the motion to quash. However, the Court has considered the substance of the motion as made together with the affidavits and arguments filed as a motion to dismiss plaintiff's complaint and is entering an order today overruling the motion to dismiss the complaint and ordering the defendant, Anchor Serum Company, to serve its answer on or before May 19, 1941.

The complaint discloses that this is an action brought under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, to recover treble damages arising out of an alleged violation of Section 2 of the Clayton Act as amended by the Act of June 19, 1936, 15 U.S.C.A. § 13. The plaintiff, bona fide and by apt averment, alleges that it was injured in its business or property by reason of acts done by the defendant in violation of the anti-trust laws.

■ The District Court has jurisdiction of the subject matter. 15 U.S.C.A. § 15. In the case of Flanders v. Coleman, 250 U.S. 223, 227, 39 S.Ct. 472, 473, 63 L.Ed. 948, the Court say: "Whether the District Court has jurisdiction to grant any relief must be determined upon a consideration of the allegations of the bill and the amendment thereto. If there be enough of substance in them to require the court to hear and determine the cause, then jurisdiction should have been entertained." And on page 228 of the same case in 250 U.S., on page 474 of 39 S.Ct., 63 L.Ed. 948, the Court say: "As this court has not infrequently said, jurisdiction must be determined not upon the conclusion on the merits of the action, but upon consideration of the grounds upon which federal jurisdiction is invoked."

" 'Jurisdiction' may be defined to be the right to adjudicate concerning the subject-matter in the given cause." Reynolds v. Stockton, 140 U.S. 254, 258, 11 S.Ct. 773, 777, 35 L.Ed. 464.

The real test of jurisdiction is whether the Court has power to enter upon the inquiry. The averments of the complaint disclose that there is really and substantially involved a dispute or controversy over which this court has jurisdiction. The subject matter in controversy is plaintiff's claim for treble damages arising out of an alleged violation of the anti-trust act. Whether the plaintiff may successfully maintain its action is not pertinent to the question now before the court. "Unsuccessful as well as successful suits may be brought" in a federal court. The Fair v. Kohler Die Co., 228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716. The ultimate outcome of the suit is not the test of jurisdiction.

Plaintiff, by the averments of its complaint, has stated a case which is within the power and authority of this court to hear and determine.

The Court has jurisdiction both of the subject matter of the cause and of the person of the defendant and may proceed to adjudicate the cause on its merits.