In re Adela L. HOLZER, Bankrupt.

Chester B. SALOMON, as Trustee of the Estate of Adela L. Holzer, Bankrupt, Plaintiff,

v.

TORRENCE NAVIGATION COMPANY, Glen Enterprises, Ltd., Peter A. Holzer, Thais Holzer Keuls, Ann Van Cott, and Carlos Holzer, Defendants.

Bankruptcy No. 77 B 1466.

United States Bankruptcy Court, S. D. New York.

Jan. 14, 1980.

Chester B. Salomon, New York City, pro se, and Salomon & Thal, New York City, for trustee.

Michael Berman, New York City, for defendants Torrence Navigation Co., Glen Enterprises, Ltd., and Peter A. Holzer.

## DECISION ON MOTION TO DISMISS ADVERSARY PROCEEDING

EDWARD J. RYAN, Bankruptcy Judge.

The motion of defendants Torrence Navigation Company ("Torrence"), Glen Enterprises, Ltd. ("Glen") and Peter A. Holzer ("Holzer") to dismiss the complaint is denied.

On July 1, 1977, an involuntary petition in bankruptcy was filed against Adela L. Holzer, and on August 11, 1977, the bankrupt was adjudicated. On September 30, 1977, Chester B. Salomon (the "trustee") was elected as trustee. On July 10, 1979, the trustee instituted this adversary proceeding asserting the bankrupt's ownership of 7³/₄₈ shares of Torrence stock and 50 percent of a parcel of realty located in Mijas in southern Spain. The trustee requires a declaratory judgment of the bankrupt's ownership rights in the stock and land, as well as permission to sell said property for the benefit of the bankrupt's estate. The defendants Torrence, Glen and Holzer move to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 712 of the Rules of Bankruptcy Procedure, on the grounds that this court has no subject mat-

ter jurisdiction over any of the claims asserted.

 The complaint in an adversary proceeding need not state the basis of the bankruptcy court's jurisdiction. Rule 8(a)(1) of the Federal Rules of Civil Procedure is expressly excluded from Rule 708 of the Rules of Bankruptcy Procedure. Thus, the fact that the trustee's complaint fails to allege as the basis of jurisdiction mutuality of claims is not fatal to the complaint. 13 Collier on Bankruptcy, paragraph 708.03(1), p. 137–8 (1977).

It is well settled that the bankruptcy court has summary jurisdiction to determine claims involving property in the actual or constructive possession of the court. Constructive possession includes possession by and through the bankrupt himself, provided that such possession existed at the commencement of the bankruptcy proceeding or arose subsequent thereto. Clearly, the court's jurisdiction does not depend on title in the bankrupt at the time of filing the petition in bankruptcy. See 2 Collier on Bankruptcy, paragraph 23.04, p. 457 (1976), citing *Magnolia Petroleum Co. v. Thompson*, 106 F.2d 217 (8th Cir.), rev'd on other grounds *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

Thus, an allegation in the pleading claiming possession of property by the bankrupt on the filing date confers summary jurisdiction in the bankruptcy court as to the relevant property. This determination of jurisdiction can be based on an allegation which may or may not subsequently be determined to be true: *City of Long Beach v. Metcalf*, 103 F.2d 483 (9th Cir.) cert. den. 308 U.S. 602, 60 S.Ct. 139, 84 L.Ed. 504 (1939). 2 Collier on Bankruptcy, paragraph 23.03, p. 448 (1976), citing *Flanders v. Coleman*, 250 U.S. 223, 227, 39 S.Ct. 472, 63 L.Ed. 948 (1919).

In the present case, the trustee's complaint alleges that the bankrupt owns 7³⁄₄₈ shares of Torrence stock and is the one-half beneficial owner of the Mijas realty. In response to defendants' jurisdictional challenge, the trustee meets its burden of proving jurisdiction by asserting, by way of affidavits, possession in the bankrupt at the time of filing of both the stock and realty in question. While the defendants heartily dispute the bankrupt's ownership of the Torrence stock, they neither deny nor disprove bankrupt's possession of same on the date of the filing of the petition—the key date for determining summary jurisdiction. Since possession and not title is the key to summary jurisdiction, the trustee's assertion of possession by the bankrupt on the date of filing is an adequate basis for this court to exercise its summary jurisdiction. Therefore, the motion to dismiss is denied. Settle an appropriate order.